STATE of Missouri ex rel. Richard Glenn PRUITT, Relator,

v.

Honorable George P. ADAMS, Judge, 12th Judicial Circuit, Audrain County, Missouri, Respondent.

No. 34927.

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 9, 1973.

Hill & McMullin, Kansas City, for relator.

John C. Danforth, Atty. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Mexico, for respondent.

DOWD, Chief Judge.

This is an original proceeding in prohibition by which relator seeks to prevent respondent, as Judge of the Circuit Court of Audrain County, from allegedly exceeding his jurisdiction by proceeding in the case of State v. Pruitt except to discharge the relator on both charges. We issued the preliminary writ.

Relator, Richard Glenn Pruitt, was charged by information under Section 560.-110, RSMo 1969, V.A.M.S., with the two crimes of burglary second degree and stealing. The court, respondent herein, gave the following two instructions:

"Instruction No. 7

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that on or about April 21, 1967, in the County of Audrain, State of Missouri, the defendant acting in concert and collusion with others, by the use of force, pried open a door of a building located at Thompson, and occupied by Spencer Chemical Division of Gulf Oil Corporation, and entered therein, and

"Second, that he did so with intent to steal property therein, and

"Third, that at that time goods and merchandise were kept therein,

then you will find defendant guilty of burglary in the second degree.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.

"Instruction No. 8

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that the defendant was guilty of burglary in the second degree as submitted in other instructions herein, and

"Second, that after committing the offense the defendant acting in concert and collusion with others stole some Treflan weed killer owned by Spencer Chemical Division of Gulf Oil Corporation with the intent permanently to deprive Spencer Chemical Division of Gulf Oil Corporation of its use of such property and to convert it or any part thereof to the use of defendant and his confederates, then you will find the defendant guilty of burglary in the second degree and stealing.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of burglary and stealing."

The jury retired with four verdict forms in accordance with the above instructions. The jury returned having executed only one of the four forms declaring that relator was guilty of stealing in connection with burglary as submitted in Instruction No. 8.

The respondent had the jury return for further deliberation explaining that two forms of verdict must be executed according to the instructions. The jury again returned to the courtroom having executed two verdict forms the one mentioned above finding relator guilty of stealing, and the second finding him not guilty of burglary in the second degree as submitted by Instruction No. 7.

At this juncture, the respondent informed the jury that the verdicts arrived at were "ones not authorized under the instructions." The jury again retired.

The court later received two questions from the jury to which it responded that the instructions which the jury received contained all the law in the case. The jury then returned two executed verdict forms finding relator guilty of both burglary and stealing in connection with burglary which the court accepted. Relator then petitioned this court for a writ of prohibition.

The basic principles governing the use of writs of prohibition are well defined. They need not, at this time, be reiterated with citation of authority. It suffices to point out that one purpose of a writ of prohibition is to prevent a court from undertaking an action in excess of its jurisdiction. We feel that it was incumbent upon respondent to accept the not guilty of burglary verdict form executed by the jury when it returned to the courtroom and to proceed accordingly. Respondent's failure to do so and sending the jury back for further deliberation was in excess of his jurisdiction and a writ of prohibition is an appropriate remedy.

We do not question those cases holding that it is proper to return the jury to correct an inconsistency or ambiguity existing in a singular verdict form. *See e. g.,* State v. Thost, 328 S.W.2d 36 (Mo.1959) [a not guilty verdict form upon which the foreman wrote guilty]; State v. Marks, 376 S.W.2d 116 (Mo.1964) [a verdict form finding defendant guilty but recommending a mental examination]; State v. Miles, 199 Mo. 530, 98 S.W. 25 (1906) [a verdict form finding defendant guilty but assessing his punishment in excess of the statutory limit]. These cases are readily distinguishable from the problem at hand.

When this jury returned the second time, it had executed one verdict form finding relator not guilty of burglary and one verdict form finding him guilty of burglarious stealing. The burglary verdict form was clear on its face, and determined that, upon the facts submitted, relator was not guilty of burglary.[1]

1. We find support for this in State v. Collins, 465 S.W.2d 576 (Mo.1971). Collins was also charged with burglary and burglarious steal-ing under Section 560.110. The jury returned two of the four verdict forms provided by

We are convinced that the very able and experienced trial judge was in no way attempting to intimidate the jury when he sent the jury back for the third time. However, we believe that when the jury returned the second time with the verdict forms finding the defendant not guilty of burglary and guilty of burglarious stealing, the respondent should have accepted the verdict forms. Relator, having been declared by the jury as not guilty of burglary could not have been found guilty of burglarious stealing. State v. Collins, 465 S.W.2d 576 (Mo.1971); State v. Cline, 447 S.W.2d 538 (Mo. banc 1969).

Accordingly, our preliminary writ is ordered to be made absolute in prohibiting respondent from sentencing relator. Respondent is hereby ordered to enter judgment discharging relator, Richard Glenn Pruitt, on the information filed.

It is so ordered.

WEIER and McMILLIAN, JJ., concur.

the court finding Collins guilty of stealing and not guilty of burglary. The Supreme Court stated at p. 578: "It is clear that the jury acquitted defendant of the burglary."