**STATE of Missouri, Respondent,**

v.

**William BRATTON, Appellant.**

**No. WD 60266.**

Missouri Court of Appeals, Western District.

Nov. 19, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Dec. 24, 2002.

Application for Transfer Denied Jan. 28, 2003.

Andrew Allen Schroeder, Assistant Appellate Defender Office, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edgington, Assistant Attorney General, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Judge.

William Bratton appeals his conviction of robbery in the first degree, § 569.020, RSMo 2000. The jury acquitted Bratton of armed criminal action, § 571.015, RSMo 2000. Bratton contends that the verdicts were inconsistent because both required a finding that a dangerous instrument had been used and that he is, therefore, entitled to a discharge on the first-degree robbery charge upon plain error review. Alternatively, he requests that we direct that his conviction be changed to second-degree robbery, which does not require a finding that a dangerous instrument was used. Because we find that there was no manifest injustice, we decline to exercise plain error review. We affirm.

### Facts

William Bratton was charged with robbing Allen Rowe while Rowe was helping Bratton and Larry Stringer change a tire. Mr. Rowe was struck on the right side of his head as he leaned into his car to retrieve a tire iron and a jack. Bratton was standing to Mr. Rowe's right. Mr. Rowe did not see who struck him, but immediately after the blow he saw Mr. Stringer react with surprise and heard him say, "What the f… are you doing?" Mr. Rowe looked in Bratton's direction and saw Bratton holding what appeared to be a different tire iron. Mr. Rowe retreated but then realized that he had left his keys in the car. As he turned back to the car, he saw Bratton drive away in it with Mr. Stringer in the passenger seat.

When Bratton was apprehended later that day, he told the officer that he was carrying tools in his pocket because he had changed a tire earlier. The officer recovered a pair of pliers and a screwdriver from Bratton's pocket. Mr. Rowe's car was also recovered later the same day. The driver told officers that he had rented the car from Bratton for $40.

At trial, the verdict director for robbery in the first degree, MAI–CR 3d 323.02, required the jury to find that "in the course of taking the property, the defendant or another person used or threatened the immediate use of a dangerous instrument against Allen Rowe." The verdict director for armed criminal action, MAI–CR 3d 332.02, required the jury to find that "the defendant … committed that offense by or with or through the use, or assistance or aid of a dangerous instrument."

During deliberations, the jury sent a note indicating that it had agreed on a verdict on Count I, robbery in the first degree, but that it was deadlocked as to Count II, armed criminal action. The jury's note explained that they could not agree "because no dangerous instrument was ever produced." The jury also inquired whether a tire iron could be considered a dangerous instrument. The trial court brought the jury into the courtroom and determined that the vote was nine to three on Count II. The jury was sent back for further deliberations. The court and the parties agreed to declare a mistrial as to Count II; but when the jury returned to the courtroom, it had reached a verdict of acquittal on Count II. The court noted that the verdicts were "somewhat intellectually inconsistent" and asked the State and the defense if they had any input. Defense counsel responded, "It's legally possible so I don't object to receiving it." The court then received the verdicts and entered a judgment of conviction on the first-degree robbery charge and a judg-

ment of acquittal on the charge of armed criminal action.

## Analysis

In his sole point on appeal, Bratton argues that his conviction of robbery in the first degree was inconsistent with his acquittal of armed criminal action. He argues that the jury's inquiries made it clear that the jurors acquitted him of armed criminal action because they did not believe that he committed the offense "by or with or through the use, or assistance or aid of a dangerous instrument." He argues that because the verdict director for robbery in the first degree also required that the jury find that he "used or threatened the immediate use of a dangerous instrument," the two verdicts were inconsistent and should not have been accepted by the trial court. The State admits that the verdicts are inconsistent but contends there is no error because there was evidence to support the guilty verdict for first-degree robbery.

 Bratton asks us to review for plain error. To warrant relief under plain error review, an appellant must show "manifest prejudice affecting his substantial rights." *State v. Parker*, 856 S.W.2d 331, 332 (Mo. banc 1993). We will not review a claim for plain error unless on its face it establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred. *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995). Not all prejudicial error can be deemed plain error. *State v. Dowell*, 25 S.W.3d 594, 606 (Mo.App.2000). Plain error is that which is evident, obvious, and clear. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992). We have discretion to review a claim on plain error if the appellant shows that a miscarriage of justice or manifest injustice would result if the error

were left uncorrected. *State v. Funke*, 903 S.W.2d 240, 243 (Mo.App.1995).

Before *State v. Peters*, 855 S.W.2d 345 (Mo. banc 1993), it arguably would have been error for the judge to return the jury for further deliberations on the count with the acquittal form. Somewhat similar situations were present in *State v. Watson*, 816 S.W.2d 683 (Mo.App. E.D.1991), and *State ex rel. Pruitt v. Adams*, 500 S.W.2d 742 (Mo.App. E.D.1973). In both of those cases, the verdict of not guilty was on the primary underlying felony charge (kidnapping and burglary, respectively) and the verdict of guilty was on the dependent felony (armed criminal action and stealing, respectively). Of course, that is the opposite of the scenario in this case. Nevertheless, the underlying principle of those two cases seems to be that the trial court should not question a not guilty verdict and must accept it on its face.

In *Peters*, however, the Supreme Court overruled both *Watson* and *Pruitt*. 855 S.W.2d at 348. In *Peters*, the jury was instructed on first-degree assault, second-degree assault, and dependent counts of ACA for each type of assault. The initial verdicts were not guilty of assault but guilty of ACA in connection with second-degree assault. The trial court refused to accept the verdicts, told the jury the verdicts were inconsistent, and returned them for further deliberations. Eventually the jury returned with verdicts of guilty on second-degree assault and the accompanying armed criminal action in connection with second-degree assault. *Id.* at 347. The *Peters* court held that the trial court did not err in returning the case for further deliberations. *Id.* at 349.

Thus, in Bratton's situation, it might well not have constituted any error, plain or otherwise, to return the jury for further

deliberations.[1] If so, two possibilities faced Bratton and his counsel. The jury might return with an acquittal on both counts or, at least as equally likely, return with a verdict of guilty on the armed criminal action charge as well as the robbery charge, exposing Bratton to an unlimited additional jail sentence.

■ The State argues that even if inconsistent verdicts were returned that the validity of Bratton's conviction on Count I for First–Degree Robbery is not undermined. An inconsistent verdict among several charges does not require reversal if there is sufficient evidence to support the finding of guilt on each charge. *State v. Clemons,* 643 S.W.2d 803, 805 (Mo. banc 1983).[2] Bratton does not contest the sufficiency of the evidence to support a finding of guilty on the robbery charge. When considering the sufficiency of the evidence, we accept as true evidence favorable to the State and disregard all evidence and inferences to the contrary. *State v. Wolfe,* 13 S.W.3d 248, 252 (Mo. banc 2000). We have reviewed the evidence and in that light find that in that light a rational trier of fact could have found the essential elements of first-degree robbery beyond a reasonable doubt. *State v. Chaney,* 967 S.W.2d 47, 52 (Mo. banc 1998).

Bratton relies upon *State v. Bell,* 62 S.W.3d 84 (Mo.App.2001). We find that case inapposite. The ultimate question here is whether Bratton's substantial rights were violated and, thus, whether he is entitled to plain error review. There

was sufficient evidence to support convictions on both counts, but apparently the jury decided to exercise some lenity as to Count II. We find no prejudice to Bratton's rights.

The judgment of conviction for first-degree robbery is affirmed.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.

---

1. We find it unnecessary to accept or decline the State's apparent concession that the verdicts in this case are inconsistent. We, therefore, express no opinion as to whether the verdicts entered were legally impermissible. An argument can be made that these verdicts in this scenario are not impermissibly inconsistent. See, for example, the dissent of Judge Robertson in *Peters* discussing the unreviewable power of a jury to apply the princi-

ple of lenity. *See Peters,* 855 S.W.2d at 351–52. *See also Eric v. Muller, The Hobgoblin of Little Minds? Our Foolish Law of Inconsistent Verdicts,* 111 HARVARD L.REV. 771 (1998).

2. Subject to the situation described above where the guilty verdict is on the dependent felony and the jury acquits on the primary felony.