Gary D. Witt, Judge
Appellant Major Deweese ("Deweese") appeals his conviction in Chariton County Circuit Court for one count felony driving while intoxicated as a persistent and chronic offender, section 577.010. Deweese's sole point on appeal alleges that the trial court erred in admitting the results of his horizontal gaze nystagmus ("HGN") because the State failed to lay proper foundation that the test was properly administered. We affirm.
Background
Deweese was stopped at approximately 5:55 p.m. on May 6, 2014, by Officer William Barger ("Chief Barger"), Chief of Police for the City of Brunswick, Missouri. Chief Barger testified that he observed Deweese's vehicle swerving within its lane and crossing the centerline of the roadway numerous times. Chief Barger activated his emergency lights attempting to pull over Deweese's vehicle. The vehicle did not stop and traveled approximately six to eight blocks, when Chief Barger additionally activated his emergency sirens, Deweese traveled an additional five blocks before he stopped his vehicle.
Once stopped, Deweese was able to produce his insurance card but not a driver's license. Chief Barger observed that Deweese's eyes were bloodshot and watery; his speech seemed confused. Deweese could not remember where he was coming from or where he was going. Additionally, Chief Barger testified that he smelled an odor of intoxicants coming from Deweese. Deweese stated that he had two drinks of vodka prior to driving.
Chief Barger asked Deweese to exit the vehicle and Chief Barger performed the HGN test on him.[1] Chief Barger observed all six clues of intoxication on the test. Deweese was unable to perform the walk and turn test or the one leg stand test due to a physical disability. Deweese was placed under arrest for driving while intoxicated. Following arrest, Deweese agreed to take a breath analysis test which showed that his blood-alcohol level was .274%.[2]
Deweese called Eric Kinkhorst ("Kinkhorst") to testify in his defense. Kinkhorst was not with Deweese that evening but witnessed the traffic stop. Kinkhorst was approximately 100 feet away and testified that although it was difficult to see them due to the angle, he did not observe Chief Barger perform any tests, including he did not see Chief Barger perform the HGN test on Deweese.
The jury ultimately found Deweese guilty of driving while intoxicated.
Deweese's sole point on appeal alleges error in admitting the results of the HGN
*492 test. Deweese's Point Relied On reads as follows:
The trial court plainly erred in admitting the results of the HGN test in violation of Mr. Deweese's Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 15 of the Missouri Constitution, in that the HGN test was not properly administered and therefore was inadmissible. Because the HGN test formed the basis of the probable cause to arrest Mr. Deweese, all evidence obtained after this violation of Mr. Deweese's constitutional rights should be suppressed as fruit of the poisonous tree.
The argument portion of Deweese's brief argues that because Kinkhorst did not witness Chief Barger perform the HGN test that the test must have been performed while Deweese was seated in a car and therefore the test was not properly performed and the test results should not have been admitted. Deweese then extrapolates from that point that without the HGN test results there was no probable cause to arrest him and therefore all of the additional evidence of his intoxication should not have been admitted and therefore there was insufficient evidence remaining to convict him of the charge.
Standard of Review
The parties disagree as to the standard of review on appeal. Deweese admits that no objection was raised to the admission of the HGN test and the results of that test at trial and thus argues that this Court should review his claim for plain error. The State, however, argues that Deweese's true claim is that the HGN test should not have been admitted into evidence because the State failed to establish a proper foundation that the test was properly administered.
Where the claim is for lack of foundation, and no timely objection was raised at trial, the claim generally will not be reviewed on appeal, even for plain error. State v. Honsinger , 386 S.W.3d 827, 829 (Mo. App. S.D. 2012). The rationale for this holding is that had an objection to the foundation for the evidence been raised at trial the proponent of the evidence would still have had the opportunity to present additional foundational evidence.
Deweese argues that, despite Chief Barger's testimony regarding his administration of the HGN test, there was insufficient evidence to support his statements regarding administration of the test because Kinkhorst's testimony contradicted Chief Barger's testimony.[3] It appears from his arguments that Deweese believes, even though the HGN test results were admitted by the State without objection during Chief Barger's testimony, that when the trial court heard Kinkhorst's testimony during Deweese's case in chief, the court should have sua sponte found that Chief Barger had not properly administered the HGN test, ordered the jury to disregard the testimony regarding the results of the test and further the trial court should have sua sponte made a finding that without the results of the HGN test there was no probable cause to arrest Deweese and ordered the jury not to consider any of the *493 evidence of Deweese's intoxication which was discovered after the HGN test was administered.
If we accept Deweese's argument that his point of alleged error is subject to plain error review, he must establish manifest injustice. "To warrant relief under plain error review, an appellant must show 'manifest prejudice affecting his substantial rights.' " State v. Bratton , 92 S.W.3d 275, 277 (Mo. App. W.D. 2002) (quoting State v. Parker , 856 S.W.2d 331, 332 (Mo. banc 1993)). The court applies a two-prong standard. State v. Roper , 136 S.W.3d 891, 900 (Mo. App. W.D. 2004). First, the court determines whether there is error that is "evident, obvious, and clear." Id. Second, only if the first prong is met, the court considers whether a manifest injustice or miscarriage of justice has occurred. Id.
Discussion
The trial court did not commit error in admitting evidence of the HGN test results, plain or otherwise. To admit the HGN test into evidence the State must show "(1) the officer was adequately trained to administer the test and render an opinion; and (2) the test was properly administered."[4] State v. Burks , 373 S.W.3d 1, 6 (Mo. App. S.D. 2012). "Eight hours of instruction on how to administer and interpret the HGN test has been recognized as adequate training." Id. Chief Barger testified that he had "[a]t least eight-hour shifts" of training on the HGN test and produced corresponding certificates of his training. He also testified that he was trained pursuant to the National Highway Traffic Safety Administration ("NHTSA") Manual for the administration of the HGN test. Chief Barger then testified in detail how he administered the test and Deweese's performance on the test.
Deweese alleges that the testimony regarding his failure of the HGN test should not have been admitted because if Deweese was seated in Officer Barger's vehicle during the performance of the HGN test, then the test was not properly administered under the NHTSA standards because those standards require the test to be given while standing. Deweese's sole evidence of the alleged improper administration of the test is that Kinkhorst testified that he did not see the HGN test being administered outside of the vehicles so, Deweese argues one must therefore conclude, the test was administered while he was seated inside the vehicle. We find this testimony is insufficient to support a finding of error. Chief Barger's testimony established that he possessed the necessary training to administer the HGN test and render an opinion as to the test's results. Moreover, Chief Barger testified that he properly administered the test to Deweese. Finally, the results of Deweese's HGN test were admitted without objection. The only contradictory testimony was provided through Kinkhorst's testimony during the defense's case-in-chief. While minimally inconsistent with Chief Barger's testimony, Kinkhorst's testimony did not render it inadmissible.[5] Further, to the *494 extent it provided a basis to impeach Chief Barger's testimony, the jury was free to believe or disbelieve any conflicting witness testimony. State v. Pierce , 433 S.W.3d 424, 429 (Mo. banc 2014). We defer to the jury on questions of witness credibility. State v. Williams , 858 S.W.2d 796, 799 (Mo. App. E.D. 1993).
Certainly it is unreasonable to expect the trial judge, upon hearing Kinkhorst's testimony during Deweese's case in chief that he did not see Chief Barger perform the HGN test, to, without motion or request from either party, determine that this testimony requires the conclusion that the HGN test was improperly administered under the NHTSA guidelines and was therefore inadmissible. Based on Deweese's argument the trial court then, on its own motion should have ordered the jury to disregard the earlier evidence (which was admitted without objection during the State's case in chief) regarding the results of the HGN test. In addition, he argues the court should have then gone on to find that all of the State's evidence regarding Deweese's intoxication which was obtained following the administration of the HGN test was inadmissible and ordered the jury to disregard that evidence as well. The trial court is a neutral arbiter of the case and cannot be an advocate for either party. State v. Primers , 971 S.W.2d 922, 927 (Mo. App. W.D. 1998). If we were to adopt Deweese's position, we would require trial courts to abandon that role and become an advocate for the defendant.
The additional evidence of Deweese's intoxication which was admitted without objection, including his erratic driving, admission of consumption of intoxicants, odor of intoxicants, confused speech, inability to remember where he had been or where he was going, combined with a breath test result showing his blood alcohol content to be at .274% all establishes that even if it had been error to admit the testimony regarding the HGN test result it was harmless error.
We affirm.
All concur

The HGN test looks for nystagmus which is an involuntary jerking of the eyes and when properly administered is a means of assisting in determining if a subject is under the influence of alcohol. See State v. Browning , 458 S.W.3d 418, 426 (Mo. App. W.D. 2015).

A blood alcohol content of 0.08% is prima facie evidence of intoxication. State v. Ostdiek, 351 S.W.3d 758, 772 (Mo. App. W.D. 2011).

At the time of this trial the admission of expert testimony in criminal cases in Missouri was governed by Frye v. United States , 293 F. 1013 (D.C. Cir. 1923). State v. Daniels , 179 S.W.3d 273, 280 (Mo. App. W.D. 2005). Section 490.065 was amended effective August 28, 2017, and established a new standard for the admission of expert testimony in many types of actions in Missouri. In this case, however, we do not need to reach the application of the amendments to section 490.065 to criminal cases in Missouri and our review is under the applicable law at the time of the trial in this action.

For a detailed analysis of the proper administration of the HGN test see State v. Browning , 458 S.W.3d 418, 427-49 (Mo. App. W.D. 2015) (Witt concurring).

The unpreserved issues about which Deweese now complains would have been more conducive to presentation through a motion to suppress. At a hearing on a motion to suppress, the trial court could have heard the testimony of both Chief Barger and Kinkhorst outside of the hearing of the jury and made a determination as to the admissibility of the HGN test and Deweese's further argument that if the HGN test result was inadmissible whether the subsequently obtained evidence of Deweese's intoxication, such as the breath test result, should have been suppressed as well based upon his arguments regarding the lack of probable cause for the arrest.