**STATE of Missouri, Respondent,**

v.

**Larry Daniel BRASHIER, Appellant.**

**No. WD 70077.**

Missouri Court of Appeals,
Western District.

Feb. 2, 2010.

nesses when arriving at their verdict. *Stiers v. State,* 229 S.W.3d 257, 264 (Mo.App. 2007).

Matthew Ward, Esq., Columbia, MO, for appellant.

Shaun J. Mackelprang, Esq., and Mary H. Moore, Esq., Jefferson City, MO, for respondent.

Before Division One: LISA WHITE HARDWICK, Presiding Judge, JAMES M. SMART and ALOK AHUJA, Judges.

LISA WHITE HARDWICK, Judge.

Larry Brashier was convicted by a jury of two counts of first-degree assault, one count of first-degree burglary, and two counts of victim tampering. On appeal, he challenges the sufficiency of the evidence to support the convictions for victim tampering. For reasons explained herein, we find no error and affirm the convictions.

### STANDARD OF REVIEW

When reviewing the sufficiency of the evidence, this court views the evidence and all reasonable inferences to be drawn therefrom, in a light most favorable to the verdict. *State v. Silvey,* 894 S.W.2d 662, 673 (Mo.banc 1995). We determine whether there was sufficient evidence from which a reasonable juror could have found the defendant guilty beyond a reasonable doubt. *Id.* We defer to the jury's credibility determinations and its resolution of conflicts or inconsistencies in the testimony. *State v. Cole,* 148 S.W.3d 896, 901 (Mo. App.2004). The jury is entitled to believe some, all or none of the testimony of wit-

### FACTUAL AND PROCEDURAL HISTORY

Viewed in a light most favorable to the verdict, the evidence at trial established the following facts. In the early morning hours of November 25, 2006, Brashier, his sister April Nida, and Nida's boyfriend Wayne Johnson approached the apartment building where Abraham Lopez and Amanda Singleton lived. Brashier, Nida, and Johnson were angry over allegations that K.S., the sister of Brashier and Nida, had been raped at a party hosted by Lopez and Singleton during October 2006.[1]

Brashier went around the side of the building and pulled telephone wires that were connected to the apartment. Brashier was carrying a metal baseball bat, and Johnson had a wooden baseball bat. Johnson kicked in the back door of the apartment, and he, Brashier, and Nida made their way to the bedroom where Lopez and Singleton were sleeping.

Lopez awakened when the bedroom door was forced open. He saw two people in the doorway and unsuccessfully tried to hold the door shut as he yelled for Singleton to call 911. Brashier and Johnson began beating Lopez with their bats. Nida attacked Singleton, knocking the phone from her hand while hitting and kicking her. Unbeknownst to anyone at the scene, Singleton's first call went through and some of the attack was captured on the 911 tape recording.

When the attackers left, Singleton placed another 911 call. Both victims were taken to the hospital. Lopez suffered facial and hand fractures, as well as

---

1. No charges had been filed in connection with the rape allegations. Police later determined that the allegations were false.

head lacerations. Singleton had a broken elbow and injuries to her ribs and wrist tendons.

A few days after the attack, Brashier was arrested and charged with two counts of first-degree assault, one count of first-degree burglary, and two counts of victim tampering. Following a jury trial, he was convicted of all charges and sentenced as a prior offender to concurrent prison terms of fifteen years on the assault counts and seven years on the burglary and victim tampering counts. Brashier appeals the convictions for victim tampering.

## ANALYSIS

■ Brashier was charged with two counts of victim tampering, a violation of Section 575.270.2,[2] which provides:

A person commits the crime of "victim tampering" if, with purpose to do so, he prevents or dissuades or attempts to prevent or dissuade any person who has been a victim of any crime or a person who is acting on behalf of any such victim from:

(1) Making any report of such victimization to any peace officer, or state, or local or federal law enforcement officer or prosecuting agency or to any judge;

(2) Causing a complaint, indictment, or information to be sought and prosecuted or assisting in the prosecution thereof;

(3) Arresting or causing or seeking the arrest of any person in connection with such victimization.

At trial, the State sought to prove the victim tampering charges by presenting evidence that Brashier and his accomplices engaged in conduct to prevent the assault victims from reporting the crime. As to the victim tampering involving Lopez, the jury was instructed that it had to find Lopez was a victim of assault and that Brashier or his co-conspirator damaged the phone lines to prevent Lopez from contacting the police. On the victim tampering involving Singleton, the jury was instructed that it had to find Singleton was victim of assault and that Brashier or his co-conspirator deprived Singleton of her cell phone to prevent or dissuade her from contacting police. The jury rendered a guilty verdict on both counts of victim tampering.

On appeal, Brashier asserts that Section 575.270.2 requires the State to prove that the victim tampering occurred against a person who had already been a victim of the crime. Brashier contends there was no evidence that Lopez and Singleton had been victims of any crime at the time his alleged tampering conduct occurred. He argues that the cutting of the phone lines and the knocking away of Singleton's cell phone occurred before the assaults took place and, thus, Lopez and Singleton were not yet "victims" under Section 575.270.2. He further points out that a "victim" is defined under Missouri law as "any natural person against whom any crime is deemed to have been perpetrated or attempted." § 575.010(11). Because the State did not prove that he prevented or dissuaded a person who had been a victim of crime from reporting that crime, Brashier contends the evidence was insufficient to support his convictions for victim tampering.

Brashier's interpretation of the victim tampering statute is neither supported by caselaw nor a careful reading of the statute. Section 575.270.2 does not require that the tampering occur after the victim

**2.** All statutory citations are to the Revised Statutes of Missouri 2000, as updated by the

Cumulative Supplement 2009.

of a crime has been victimized. It merely states that the person who was prevented or dissuaded from reporting the crime must have been a victim of the crime or acting on behalf of such victim. The purpose of the victim tampering law is to criminalize conduct that would deter victims from reporting crimes to which they have been subjected, regardless of when the conduct occurred. The acts against Lopez and Singleton clearly fall within the statutory provision because Brashier's conduct was intended to prevent the assault victims from reporting the crime.

To interpret the law as Brashier suggests would allow him to escape responsibility for having the malevolent foresight to disconnect the telephone lines and eliminate cell phone access of the victims before attacking them. This would frustrate the clear intent of the legislature, as expressed in Section 575.270.2, to criminalize the conduct of defendants who seek to prevent victims from reporting their victimization.

The State met its burden of proving that Brashier committed victim tampering by taking steps to prevent Lopez and Singleton from using the landline telephone or cell phone to report the assault. The evidence was sufficient to support the convictions under Section 575.270.2 and, thus, the points on appeal are denied.

### CONCLUSION

The judgment of the circuit court is affirmed.

All Concur.