**STATE of Missouri, Respondent,**

**v.**

**Jacob A. HERRINGTON, Appellant.**

**No. SD 30131.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 19, 2010.

Matthew Ward of Columbia, MO, for Appellant.

Chris Koster, Attorney General and Dora A. Fichter, Assistant Attorney General of Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

This appeal presents an issue as to whether there was sufficient evidence from which a jury could find, beyond a reasonable doubt, that Jacob A. Herrington ("Appellant") acted with the purpose of causing serious physical injury to his victim. We affirm the decision of the trial court.

### Facts and Procedural History

Appellant was incarcerated in the Taney County jail and on June 4, 2008, he engaged in a fight with another inmate ("S.S."). Appellant "came flying at [S.S.] like a wild animal and eyes glazed back like a—like a wildcat." Appellant hit S.S. in the face three or four times. S.S. pushed Appellant away and Appellant fell on the floor. Somebody tripped S.S. and he fell down. Appellant got up and again came "charging over" to S.S., put S.S. in a headlock, and began hitting him in the head. Appellant hit S.S. multiple times causing S.S.'s bottom teeth to break through his bottom lip. In addition to a punctured lip, S.S. received several abrasions on his face and was bleeding from the top of his head.

A correctional officer, Kenneth Portz ("Portz"), heard yelling coming from the cellblock area and observed Appellant holding S.S. in a headlock while striking him in the face. Portz ordered Appellant to stop, but he did not comply. Portz and a bailiff, Steve Claspille ("Claspille"), went to the area of the fight, grabbed Appellant, and pulled him off of S.S. Appellant continued in his attempt to strike S.S. Portz personally observed Appellant hit S.S. between six and ten times. Portz noticed that Appellant had a swollen hand. S.S. had a bloody lip, a puncture mark on his lip, and his lip was split. He also had several abrasions around his face and he

was bleeding from the top of his head. If Portz and Claspille had not intervened, Appellant would have continued hitting S.S.

A felony information was filed against Appellant charging him with a Class C felony of assault in the second degree, in violation of section 565.060.[1] Following a jury trial, Appellant was convicted of assault in the second degree. He was sentenced to six years imprisonment to run concurrent with all previously imposed sentences.

### Standard of Review

In reviewing Appellant's sole point relied on concerning sufficiency of the evidence as to whether Appellant acted with the purpose of causing serious physical harm to S.S., we are to "view[ ] the evidence and all reasonable inferences to be drawn therefrom, in a light most favorable to the verdict." *State v. Brashier*, 301 S.W.3d 598, 599 (Mo.App. W.D.2010). We limit our review to the issue of "whether there was sufficient evidence from which a reasonable juror could have found the defendant guilty beyond a reasonable doubt." *Id.* We are required to give deference to the jury's credibility decisions because "[t]he jury is entitled to believe some, all or none of the testimony of witnesses when arriving at their verdict." *Id.*

### Analysis

Appellant was charged with assault in the second degree. A person commits assault in the second degree if he "[a]ttempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause...." Section 565.060.1(1). In relevant part, the jury instruction permitted

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

the jury to find Appellant guilty if they believed that Appellant attempted to cause serious physical injuries to S.S. by striking him at least eight times in the head with a closed fist while having S.S. in a choke hold. A person attempts to cause serious physical injury when, with the purpose of causing the result, he commits an act that constitutes a "substantial step" towards that result. Section 564.011.1. "A person 'acts purposely,' or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result." Section 562.016.2.

■ "Because direct evidence of a defendant's intent is rarely available, intent to cause physical injury is most often proven by circumstantial evidence." *State v. Fraga,* 189 S.W.3d 585, 590 (Mo.App. S.D. 2006). "[T]he necessary intent may be based upon circumstantial evidence or inferred from surrounding facts, such as evidence of defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." *State v. Chambers,* 998 S.W.2d 85, 90 (Mo.App. W.D.1999)(internal citation omitted).

There was sufficient evidence in the present case to support the jury's finding that Appellant acted with the purpose of causing serious physical injury to S.S. The evidence showed that Appellant "came flying at [S.S.] like a wild animal and eyes glazed back like a—like a wildcat." Appellant hit S.S. in the face three or four times. S.S. pushed Appellant away and Appellant fell on the floor. Somebody tripped S.S. and he fell down. Appellant got up and again came "charging over" to S.S., put S.S. in a headlock, and began hitting him in the head. Appellant hit S.S. multiple times causing S.S.'s bottom teeth to break through his bottom lip. In addition to a punctured lip, S.S. received several abra-

sions on his face and was bleeding from the top of his head.

Portz intervened and ordered Appellant to stop, but he did not comply. Portz and Claspille pulled Appellant off of S.S. Appellant kept trying to hit S.S. as the officers restrained him. If the officers had not intervened, Appellant would have continued hitting S.S.

Appellant's actions of "flying" at S.S., putting him in a choke hold, hitting him multiple times on his head and face, Appellant's refusal to stop hitting S.S., and Appellant's continuing attempt to hit S.S. as the officers were restraining Appellant, all showed Appellant's intent to cause serious physical injury.

In *State v. Schnelle,* 7 S.W.3d 447 (Mo. App. W.D.1999), *post-conviction relief granted by Schnelle v. State,* 103 S.W.3d 165 (Mo.App. W.D.2003)(finding counsel prejudicially ineffective for not objecting to the striking of potentially helpful testimony), the defendant unexpectedly struck the victim "with such force that [he] knocked her down and opened a wound [that] require[ed] four or five stitches." *Id.* at 451. The victim received x-rays to ensure that she did not have a fracture of her facial bones, and pictures taken after the assault "showed [that] the left side of her face [was] badly bruised and her left eye [was] nearly swollen shut." *Id.* The court held that the defendant's conduct supported an inference that he intended to cause serious physical injury to the victim. *Id.*

In *State v. Lauer,* 955 S.W.2d 23 (Mo. App. S.D.1997), the court held that beating a person with a fist can cause serious physical injury and supported a conviction for assault in the first degree. *Id.* at 25. The court further found that the defendant's conduct of hitting the victim with his fist "supported a finding that [the defendant] knowingly attempted to cause serious physical injury to [the victim]."

*Id.* The defendant in *Lauer* threw multiple blows to the victim's head, which resulted in a concussion. *Id.* at 24. He also told the victim that if she turned him in he would beat her more severely. *Id.*

Similarly, in the present case, Appellant came "flying" at S.S., held S.S. down and hit him on his head and face multiple times, causing S.S.'s bottom teeth to break through his bottom lip, bleeding from the top of the head, and several abrasions on the face. Appellant refused to stop hitting S.S. when ordered by Portz and Claspille, and Appellant continued to attempt to hit S.S. as the officers restrained him. These facts supported an inference that Appellant attempted to cause serious physical injury to S.S.

Appellant's point is not well taken and it is denied.

The judgment of the trial court is affirmed.

LYNCH, P.J., and SCOTT, C.J., concur.