STATE of Missouri, Plaintiff–
Respondent,

v.

Dale Eugene HALL, Defendant–
Appellant.

No. SD 29961.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 23, 2010.

Craig A. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen., Daniel N. McPherson, Jefferson City, for Respondent.

**NANCY STEFFEN RAHMEYER,** Presiding Judge.

Dale Eugene Hall ("Appellant") was tried before a jury on two charges of sexual misconduct involving a child in violation of section 566.083, RSMo Cum.Supp.2006.[1] Appellant's first point on appeal is that the evidence is insufficient to show that he "knowingly" exposed his genitals to a child less than fourteen years of age because he actually exposed his genitals over the internet to a sheriff's deputy posing as a child. Appellant's second point on appeal requests plain error review of the MAI-approved jury instruction for this offense. We reject both claims of error.

On March 19, 2008, St. Clair County Sheriff's Deputy Betty Roth was conducting an undercover operation in a Yahoo internet chat room. Participants in a chat room can engage in instant messaging through public or private chats. Instant messaging is a real time one-on-one conversation, or chat, between two users, and begins when the first user clicks on a second user's profile to begin a chat. Deputy Roth was conducting her undercover operation in a chat room that was designated for people in Missouri interested in romance.

Deputy Roth identified herself in her Yahoo profile, which could be viewed by others, as a thirteen-year-old girl named Madison Richmonds. Appellant sent an instant message for a private chat to Deputy Roth with screen name "magic-hands_6969" while Deputy Roth was in the chat room on March 19th. Appellant indicated in the message that he was a forty-three-year-old male living in southwest Missouri. Deputy Roth replied that she was a thirteen-year-old female living in the Truman Lake area. A webcam image of Appellant's exposed penis with a hand wrapped around it appeared on Deputy Roth's screen during the conversation.

Deputy Roth was next contacted by Appellant on March 21, 2008. Deputy Roth had accepted Appellant as a contact for purposes of the chat room at the end of the previous conversation, so the subsequent message was displayed as coming from "Dale Hall" rather than from "magic-hands_6969." Appellant sent Deputy Roth, who was still posing as thirteen-year-old Madison Richmonds, a webcam transmission that revealed his face and showed him masturbating during the March 21st chat. Appellant was convicted at trial of violating section 566.083 on both March 19th and March 21st. Appellant's defense was that he did not think or know that Madison Richmonds was a thirteen-year-old girl.

In Appellant's first point on appeal, he argues that the evidence is insufficient to

---

1. Section 566.083 provides, in part:

1. A person commits the crime of sexual misconduct involving a child if the person: (1) Knowingly exposes his or her genitals to a child less than fifteen years of age under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm to the child; (2) Knowingly exposes his or her genitals to a child less than fifteen years of age for the purpose of arousing or gratifying the sexual desire of any person, including the child; or (3) Knowingly coerces or induces a child less than fifteen years of age to expose the child's genitals for the purpose of arousing or gratifying the sexual desire of any person, including the child.

Section 566.083.1. We note that section 566.083 was modified in 2008. Appellant violated section 566.083 on both March 19, 2008, and March 21, 2008, before the 2008 version of section 566.083 was voted into law. Therefore, the 2006 statute is the applicable version of the statute and all references to section 566.083 are to that version. All other references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2010), unless otherwise specified.

show that he "knowingly expos[ed] his ... genitals to a child less than fourteen years of age" because he exposed his genitals over the internet to a sheriff's deputy posing as a child. When considering sufficiency of evidence claims, our review is limited to determining whether the evidence is sufficient for a reasonable juror to find each element of the crime beyond a reasonable doubt. *State v. O'Brien,* 857 S.W.2d 212, 215 (Mo. banc 1993). We consider the record in the light most favorable to the verdict, taking as true the evidence and all logical inferences that support a finding of guilt, and ignoring the evidence and inferences that do not support a finding of guilt. *Id.* at 215–16. We give deference to the jury's credibility decisions as "[t]he jury is entitled to believe some, all or none of the testimony of witnesses when arriving at their verdict." *State v. Brashier,* 301 S.W.3d 598, 599 (Mo.App. W.D.2010). Furthermore, we construe statutes in a common sense manner consistent with legislative intent. *State v. Bouse,* 150 S.W.3d 326, 332 (Mo. App. W.D.2004). The legislature is never presumed to have committed a useless act, and a statute should not be construed in a manner that renders a provision meaningless. *State v. Joos,* 218 S.W.3d 543, 548–49 (Mo.App. S.D.2007).

At the time of the charged crimes, the relevant portion of section 566.083 creating the offense of sexual misconduct involving a child made it a class D felony when a person "[k]nowlingly exposes his or her genitals to a child less than fourteen years of age for the purpose of arousing or gratifying the sexual desire of any person[.]" Section 566.083.1(2). The statute also contained a provision stating that "[i]t is not an affirmative defense to prosecution for a violation of this section that the other person was a peace officer masquerading as a minor." Section 566.083.3.

Appellant contends that the statute requires exposure to an actual child under the age of fourteen. The issue, therefore, is whether a defendant can be convicted of violating section 566.083 when the victim is not a child, but a law enforcement officer masquerading as a child. Appellant argues that section 566.083.3, which states that "[i]t is not an affirmative defense to prosecution for a violation of this section that the other person was a peace officer masquerading as a minor[,]" merely shifts the burden of persuasion of proving whether the intended target of exposure was a peace officer masquerading as a minor. An affirmative defense is a defense where the defendant has the burden of persuasion. Section 556.056. Appellant argues that the language stating that an act is not an affirmative defense implies that the act still is a defense, though not a defense for which the defendant bears the burden of persuasion. In other words, Appellant argues that it is a defense to section 566.083 that the victim was over the age of fourteen and the State must prove that the victim was less than fourteen years of age. Appellant argues that there is no proof of a victim under the age of fourteen because Deputy Roth is clearly over fourteen years of age. We disagree with Appellant's interpretation of the statute.

The purpose of the statute leads us to the conclusion that the legislature intended to say that it is not a defense to the crime that the intended victim was a police officer masquerading as a minor. Put more simply, with section 566.083.3, the legislature intended to criminalize exposure of a defendant's genitals to a child or someone that the defendant believed to be a child. Other statutes in chapter 566 support our interpretation of the phrase "not an affirmative defense" as meaning "not a defense" to the crime.

For example, under section 566.020, "[c]onsent is not an affirmative defense to any offense under chapter 566 if the alleged victim is less than twelve years of age." Section 566.020.4, RSMo Cum.Supp. 2006. Under Appellant's construction of the "not an affirmative defense" language, consent would be a defense to an alleged act involving a victim less than twelve years old, it just would not be a defense on which the defendant had the burden of producing evidence and the burden of persuasion. The legislature clearly could not have intended such an interpretation. The better reading of section 566.020.4 is that consent is not a defense to alleged acts involving a victim less than twelve years old.

Likewise, section 566.145 criminalized the offense of sexual contact with a prisoner or offender by an employee of a correctional facility and contains a provision that "[c]onsent of a prisoner or offender is not an affirmative defense." Section 566.145.4, RSMo Cum.Supp.2009. Under Appellant's construction of the phrase "not an affirmative defense," consent would be a defense to the crime of sexual contact with an offender by an employee of a correctional facility. Such an interpretation, however, is contrary to the obvious legislative intent of prohibiting sexual contact between correctional employees and inmates, whether consensual or not.

The intent of section 566.083 is to protect children from predators. *Bouse*, 150 S.W.3d at 332. This intent is realized by interpreting section 566.083.3 as stating that it is simply not a defense, as opposed to not an affirmative defense, to a prosecution under section 566.083 that the target of the defendant's activities was an undercover law enforcement officer masquerading as a child. It would be absurd to require the police to force a child to view graphic images of an adult's genitals during their undercover operations so as to ensure technical completion of the crime. Appellant's construction of the statute, which would require a child to be present during the undercover police investigations and actually be exposed to a defendant's genitals, would render subsection three of the statute meaningless and, as such, we disagree with that construction. Point I is denied.

■ Appellant's second point contends that the trial court plainly erred in instructing the jury with MAI–approved instructions that, according to Appellant, wrongly state the substantive law because the instructions did not require the jury to find that Appellant knew that the person he exposed himself to was less than fourteen years of age. The two counts of sexual misconduct involving a child were submitted to the jury in Instruction Nos. 7 and 8. Those instructions were taken from MAI–CR 3d 320.29.1, which submits the offense of sexual misconduct involving a child by indecent exposure. Appellant objected to identical sentences of Instruction Nos. 7 and 8, which, as submitted to the jury, read: "It is not an affirmative defense to a prosecution for a violation of this section that the other person was a peace officer masquerading as a minor." Appellant did not object to the remainder of the instructions at trial, including the part of the instructions requiring the jury to find that "Madison Richmonds was less than the age of fourteen years." Appellant now claims for the first time on appeal that the instructions were erroneous because they did not require the jury to find that he *knew* that the person he exposed himself to was under fourteen years of age.

■ Because the defense counsel failed to object to that portion of the instructions at trial, our review is for plain error. *State v. Jones,* 296 S.W.3d 506, 511 (Mo.App. E.D.2009).

[Plain error] review involves a two step-process. First, we determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted.... Absent a finding of facial error, an appellate court should decline its discretion to review the claim. If plain error is found, we proceed to the second step to consider whether the error actually resulted in manifest injustice or a miscarriage of justice.

*State v. Stallings,* 158 S.W.3d 310, 315–16 (Mo.App. W.D.2005) (internal citations omitted). The outcome of plain error review "depends heavily on the specific facts and circumstances of each case." *State v. Roper,* 136 S.W.3d 891, 900 (Mo.App. W.D. 2004). Our review of jury instructions for plain error is discretionary. *State v. Spry,* 252 S.W.3d 261, 266 (Mo.App. S.D.2008). Instructional error rarely rises to the level of plain error. *State v. Hibler,* 21 S.W.3d 87, 96 (Mo.App. W.D.2000). The defendant has the burden of showing that plain error has occurred that resulted in manifest injustice or a miscarriage of justice. *Id.*

Appellant's defense, as related to the jury during opening and closing arguments, was that he did not think Madison Richmonds was a thirteen-year-old girl. The evidence provides overwhelmingly clear indicia that Appellant thought the target was a child, as shown by messages between Appellant and Deputy Roth. For example, Deputy Roth's profile made clear that Madison Richmonds was a thirteen-year-old girl and twice Deputy Roth sent a message to Appellant telling him she was thirteen years old. This message was received by Appellant. More specifically, in the second exchange, Deputy Roth told Appellant she was "13 and chunky." Appellant replied "I prefer chunky to skinny love[.]" Also during the second conversation, Appellant asked Deputy Roth "[w]hat

would your parents say about you riding in my Mustang?" Deputy Roth responded that her mom usually worked and that "[s]he usually doesn't check on me[.]" When Appellant asked Deputy Roth if he could see pictures of her, Deputy Roth, posing as thirteen-year-old Madison Richmonds, responded "mom won't let me but I'm trying to get a friend to help me ... maybe soon." Appellant responded, "Oh, ok[.]" Appellant transmitted over the internet videos of his genitals to a person he believed to be a thirteen-year-old girl, which is the exact act the legislature intended to criminalize with section 566.083. We are not convinced that any claimed error in the instructions resulted in a manifest injustice or a miscarriage of justice in this case and, thus, we decline plain error review. Point II is denied.

The judgment of the trial court is affirmed.

SCOTT, C.J., concurs in separate opinion.

BATES, J., concurs.

DANIEL E. SCOTT, Chief Judge, concurring.

I concur. We are forced to construe § 566.083 because two of its subsections are not otherwise reconcilable. Given this internal ambiguity, we have considered the whole statute in light of the plain legislative intent, and have interpreted it accordingly.

That said, our legislature might consider other states' drafting approaches on this issue, and whether they may reduce any risk of undesirable statutory ambiguity. *See, e.g.,* GA.CODE ANN. § 16–12–100.2 (criminalizing internet solicitation, etc., of "a child or another person believed by such person to be a child"); FLA. STAT. ANN. § 847.0135 (similar when directed toward "a child or with another person believed by

the person to be a child"); N.D. CENT.CODE § 12.1–20–05.1 (similar when target is one whom "the adult believes to be a minor").