

# In the Missouri Court of Appeals
## Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED100924 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1222-CR03899-01 |
| | ) | |
| TIMOTHY HOWELL, | ) | Honorable John J. Riley |
| | ) | |
| Appellant. | ) | Filed: February 10, 2015 |

## Introduction

Timothy Howell (Defendant) appeals the judgment entered upon his conviction for one count of attempted sexual misconduct involving a child by knowingly exposing his genitals to a person he believed to be thirteen years old. Defendant argues the State failed to prove his conduct was knowing as to the age of the person. We affirm.

## Background

Defendant's conviction arises from an event occurring in October of 2010. Defendant, who was in St. Louis, communicated via the internet with a Georgia Bureau of Investigation Special Agent (the officer), who was posing as a thirteen-year-old girl with the chat name "mandyloo13." Defendant initiated a chat with the officer, and shortly thereafter Defendant sent mandyloo13 a webcam request. When the officer

accepted as mandyloo13, he received live streaming video of Defendant, who was naked and masturbating.

This video lasted approximately twenty-four minutes, and Defendant simultaneously chatted with mandyloo13 while streaming the video. During the course of this chat, the officer made comments indicating that mandyloo13 was a minor, and eventually, the officer explicitly gave an age of thirteen. Defendant continued to masturbate on camera, then he ejaculated and ended both the video and the chat.

The State charged Defendant in Count I with enticement of a child and in Count II with attempted sexual misconduct involving a child by knowingly exposing his genitals to a child for his own sexual gratification. At Defendant's bench trial, Defendant's counsel conceded Defendant's guilt regarding Count II, but contested it regarding Count I. The trial court convicted Defendant of Count II and acquitted him of Count I. The trial court sentenced Defendant as a prior and persistent offender to five years in prison. This appeal follows.

## Discussion

Defendant's sole point on appeal is that there was insufficient evidence presented at trial to prove under Count II that Defendant acted knowingly regarding mandyloo13's age. We disagree.

Our review of a challenge to sufficiency of the evidence to support a conviction is limited to a determination of "whether the State introduced sufficient evidence at trial from which a reasonable trier of fact could have found each element of the offense to have been established beyond a reasonable doubt." State v. Anderson, 386 S.W.3d 186, 189-90 (Mo. App. E.D. 2012) (quoting State v. Bateman, 318 S.W.3d 681, 686-87 (Mo.

2

banc 2010)). We accept as true all evidence and reasonable inferences favorable to the verdict, disregarding contrary inferences "unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them." Id.

Additionally, "when a defendant makes a voluntary judicial admission . . ., it serves as a substitute for evidence and dispenses with proof of the actual fact." State v. Denzmore, 436 S.W.3d 635, 643 (Mo. App. E.D. 2014) (quoting State v. Eacret, 456 S.W.2d 324, 327 (Mo. 1970)). Admissions made by a defendant's attorney are presumed true and may be acted on by the court. Denzmore, 436 S.W.3d at 643 (citing State v. Vandiver, 592 S.W.2d 304, 306 (Mo. App. E.D. 1979)). An admission of guilt regarding a charged crime can be sufficient to waive the production of evidence regarding all elements of the charged crime. See Denzmore, 436 S.W.3d at 643 (concluding defense counsel's opening statement that defendant was guilty of felony leaving scene of accident was sufficient to waive production of evidence relating to that charge).

Here, Defendant's counsel stated both in opening statement and in closing argument that Defendant conceded guilt regarding Count II, the charge of attempted sexual misconduct. In fact, Defendant's counsel asked the trial court to find Defendant guilty of Count II. Defense counsel's opening statement began as follows:

> Your Honor, this is a case that we will ask you to find [Defendant] guilty of . . . Count II of Sexual Misconduct . . . We don't dispute that, back in October, 2010, [Defendant] exposed his genitals on camera to an Agent that was posing as . . . a 13-year-old girl at that time.

Similarly, in closing argument, Defendant's counsel stated the following:

> Count II, Your Honor: As I stated in my Opening Statement to you, we concede to that.

3

These admissions were sufficient to waive the production of evidence regarding that charge. See id.

Nevertheless, the State also produced sufficient evidence from which a reasonable finder of fact could have found Defendant guilty of Count II. Section 566.083.1(2) states that a person commits the crime of sexual misconduct involving a child if he or she "[k]nowingly exposes his or her genitals to a child less than fifteen years of age for the purpose of arousing or gratifying the sexual desire of any person, including the child." One of the elements of this crime is that the defendant knows that the person is less than fifteen years old. See State v. Jeffrey, 400 S.W.3d 303, 313 (Mo. banc 2013). The statute also makes clear that it is not an affirmative defense to this section where "the other person was a peace officer masquerading as a minor." Section 566.083.3. The purpose of the statute is to punish perpetrators who believe they are exposing themselves to children under the age of fifteen. See State v. Hall, 321 S.W.3d 453, 456 (Mo. App. S.D. 2010).

Here, Defendant disputes only this element of knowledge regarding the person's age. He argues that he did not expose his genitals to someone he knew to be a child, because the officer did not explicitly state mandyloo13's age until after Defendant had already begun streaming video of himself masturbating. Defendant argues his conduct was one continuous act, and therefore because he did not know mandyloo13's age when he began his conduct, he cannot have done so knowingly. We disagree.

Defendant's argument is based on the premise that he could not have developed the element of knowledge of the child's age midway through the act of exposing his genitals. Defendant cites cases involving possession of contraband, in which courts

4

found that a single act of possession could not encompass both the crime of possession and the crime of possession with intent to distribute or promote. See State v. Kamaka, 277 S.W.3d 807, 812 (Mo. App. W.D. 2009) (finding double jeopardy violated where State charged possession of child pornography and promotion of child pornography regarding same video file from defendant's computer); State v. Cunningham, 193 S.W.3d 774, 782 (Mo. App. S.D. 2006) (finding double jeopardy violated where State charged both possession of controlled substance and possession with intent to distribute regarding same controlled substance found in defendant's pocket). We find the act of possession distinguishable from Defendant's conduct here.

It is the public policy of this State to "encourage criminals to abandon criminal behavior." State v. Barber, 37 S.W.3d 400, 405 (Mo. App. E.D. 2001). Here, Defendant streamed a twenty-four-minute video of himself, during which he made choices to alternate the focus of the camera between his face and his penis, and during which he chose intermittently to type comments into a chat conversation. At any point, instead of responding to any one of the officer's statements, he could have terminated this encounter or moved the camera away from his genitals. Even if he believed his initial exposure to mandyloo13 was legal, there was nothing that prevented him from ending the video upon becoming aware of mandyloo13's age.

Instead, Defendant did not make this choice to end the video, but Defendant volitionally continued to focus the video on his penis, even going so far as to ensure that the "child's" mother was not around to observe his conduct. Whether or not he knew when he began the video feed, Defendant's continuation of his lewd conduct upon receiving an explicit statement of mandyloo13's age clearly demonstrated the knowing

5

element of this crime. Thus, there was sufficient evidence from which the trial court could have found Defendant knowingly chose to continue exposing his genitals to a person he believed to be thirteen years old, for his own sexual gratification. Section 586.083.1. Point denied.

## Conclusion

Defense counsel's admission of Defendant's guilt regarding the crime of attempted sexual misconduct involving a child was sufficient to waive the production of evidence regarding that charge. Nevertheless, with the evidence that Defendant made a series of volitional choices to continue to expose his genitals throughout a conversation with an officer posing as a thirteen-year-old, even after the officer's explicit statements regarding age, the State presented sufficient evidence that Defendant acted knowingly. We affirm.

_____
Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P. J., concurs.
Robert G. Dowd, Jr., J., concurs.

6