# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41497

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GELACIO LARA-MARTINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Gelacio Lara-Martinez pleaded guilty to illegal reentry after being previously deported. He appeals the district court's determination that his underlying Missouri conviction for sexual misconduct involving a child qualified as a crime of violence, specifically sexual abuse of a minor, under the Sentencing Guidelines.

## I. Background

On June 19, 2015, U.S. Border Patrol agents apprehended Lara-Martinez in Brooks County, Texas. A records check revealed that Lara-Martinez had been previously removed to Mexico in October 2010. He had no legal right to be in the United States and was arrested. Lara-Martinez was

No. 15-41497

charged with and pleaded guilty to illegal reentry. His presentence report (PSR) assigned a base level of eight, added sixteen levels for being previously deported after committing a crime of violence, and subtracted three levels for acceptance of responsibility, for a total offense level of twenty-one.

The crime of violence enhancement was based on Lara-Martinez's 2010 conviction for sexual misconduct involving a child in violation of Missouri Statute section 566.083 (2008). The PSR determined that the conviction qualified as an enumerated crime of violence, specifically, "sexual abuse of a minor" under U.S.S.G. section 2L1.2 cmt. 1(B)(iii). Lara-Martinez objected to the sixteen-level enhancement, claiming that his "prior conviction is not sexual abuse of a minor, because the Missouri offense does not require that a minor be involved at all." Under sections 566.083, Lara-Martinez argued, a peace officer pretending to be a child suffices for a conviction. Because "[t]he Fifth Circuit has repeatedly interpreted the term 'abuse' in this context to include a component of harm to a minor," Lara-Martinez contended, Missouri's statute was "broader than the generic, contemporary meaning of sexual abuse of a minor and does not constitute a crime of violence." The district court overruled his objection, and sentenced him to a below-Guidelines sentence of thirty-six months in prison and thirty-six months of supervised release.

Lara-Martinez timely appeals, again arguing that his state conviction does not fall within the Guidelines' definition of sexual abuse of a minor because "[u]nder Missouri law, a person can be convicted of 'sexual misconduct involving a child' even if the other person is a police officer masquerading as a child." After a review of the briefs, record, and applicable caselaw, we affirm.

## II. Discussion

We review de novo whether a prior conviction qualifies as a crime of violence under the Guidelines. *United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir. 2013) (en banc).

2

No. 15-41497

The Guidelines impose a sixteen-level enhancement if the defendant was deported previously after committing a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The definition of a "crime of violence" contains a list of enumerated offenses, including "sexual abuse of a minor." *Id.* § 2L1.2, cmt. 1(B)(iii). "When determining whether a prior conviction qualifies as a crime of violence under the Guidelines, we [use] the categorical approach that the Supreme Court first outlined in *Taylor v. United States*, 495 U.S. 575 (1990)." *Rodriguez*, 711 F.3d at 549 (parallel citations omitted). Under this analysis, we look to the elements of the statute of conviction rather than to the defendant's specific conduct. *Id.* "If the defendant was convicted under a statute that is 'narrower than the generic crime' or that mirrors the generic definition with only 'minor variations,' the enhancement may stand." *United States v. Hernandez-Rodriguez*, 788 F.3d 193, 195–96 (5th Cir. 2015) (quoting *United States v. Herrera*, 647 F.3d 172, 176 (5th Cir. 2011)). But if the relevant statute "encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, the conviction is not a crime of violence as a matter of law." *Id.* at 196 (quoting *United States v. Esparza-Perez*, 681 F.3d 228, 230 (5th Cir. 2012)). A defendant who argues that the relevant statute encompasses conduct that is broader than an enumerated offense must show that there is "a realistic probability, *not a theoretical possibility*, that the State would apply its statute to conduct that falls outside the generic definition of the crime." *United States v. Albornoz-Albornoz*, 770 F.3d 1139, 1141 (5th Cir. 2014) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

If the underlying statute contains disjunctive elements, as here, we employ the modified categorical approach to determine which subpart of the statute formed the basis of the conviction. *See Duenas-Alvarez*, 549 U.S. at 186–87; *see also Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Under the modified categorical approach, we consider "the statutory definition,

3

No. 15-41497

charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005); *see also United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005).

Lara-Martinez was convicted of sexual misconduct involving a child under section 566.083 of the Missouri Statutes. When Lara-Martinez committed his offense in 2008, section 566.083 read:

> 1. A person commits the crime of sexual misconduct involving a child if the person:
>
> > (1) Knowingly exposes his or her genitals to a child less than fifteen years of age under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm to the child;
> >
> > (2) Knowingly exposes his or her genitals to a child less than fifteen years of age for the purpose of arousing or gratifying the sexual desire of any person, including the child; or
> >
> > (3) Knowingly coerces or induces a child less than fifteen years of age to expose the child's genitals for the purpose of arousing or gratifying the sexual desire of any person, including the child.
>
> 2. The provisions of this section shall apply regardless of whether the person violates the section in person or via the Internet or other electronic means.
>
> 3. It is not an affirmative defense to prosecution for a violation of this section that the other person was a peace officer masquerading as a minor.
>
> 4. Sexual misconduct involving a child or attempted sexual misconduct involving a child is a class D felony unless [there are other circumstances not present here], in which case it is a class C felony.

Mo. Rev. Stat. § 566.083 (2008).

Lara-Martinez was convicted of "knowingly induc[ing] O.V., a child less than fourteen years of age, to expose O.V.'s genitals for the purpose of arousing

the sexual desire of any person." The modified categorical approach is appropriate because this statute has "multiple alternative elements." *Mathis*, 136 S. Ct. at 2249; *see also United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006). A defendant violates subparts (1) or (2) by exposing him or herself to the minor; a defendant violates subpart (3) by coercing or inducing the minor to expose him or herself. Lara-Martinez's conviction arose under section 566.083.1(3), and he does not dispute that his offense involved sexual abuse; rather, he argues that the Missouri statute did not require the presence of a minor.

For "purposes of the crime-of-violence enhancement under § 2L1.2(b)(1)(A)(ii), the meaning of 'minor' in 'sexual abuse of a minor' is a person under the age of majority—which we conclude to be eighteen." *Rodriguez*, 711 F.3d at 544. Missouri defines a child for purposes of section 566.083.1(3) as "less than fifteen years of age." Lara-Martinez suggests, however, that the offense can be committed against a peace officer masquerading as a child. He argues that the statute does not require proof that the victim was a child and, thus, does not fall within the generic definition of sexual abuse of a minor. We disagree.

The Supreme Court and this circuit require "a realistic probability, *not a theoretical possibility*, that the State would apply its statute to conduct that falls outside the generic definition of the crime." *Albornoz-Albornoz*, 770 F.3d at 1141 (quoting *Duenas–Alvarez*, 549 U.S. at 193). Lara-Martinez has not met this showing. "At a minimum, the defendant must point to cases in which a state court has applied the statute in a broader manner." *Id*. In an attempt to satisfy this requirement, Lara-Martinez points to *State v. Hall*, 321 S.W.3d 453 (Mo. Ct. App. 2010). In that case, a Missouri Court of Appeals looked at a crime under subpart (2) of the same statute at issue here. *Id*. at 455. The defendant in *Hall* argued that there was insufficient evidence "to show that he

'knowingly' exposed his genitals to a child . . . because he actually exposed his genitals over the internet to a sheriff's deputy posing as a child." *Id.* at 454. The court disagreed, concluding that "the legislature intended to say that it is not a defense to the crime that the intended victim was a police officer masquerading as a minor. . . . [T]he legislature intended to criminalize exposure of a defendant's genitals to a child or someone that the defendant believed to be a child." *Id.* at 455.

Importantly, however, *Hall* dealt with a subpart (2) crime. Lara-Martinez has not pointed to a single case where any court has applied the peace officer affirmative defense provision to a subpart (3) charge, his charge of conviction. These crimes differ: subpart (2) criminalizes an individual exposing his/her own genitals to a minor, while subpart (3) criminalizes coercing or inducing *a minor to expose their genitals* to someone else. In cases like *Hall*, a defendant could easily expose his/her own genitals to a peace officer masquerading as a minor, especially given that the statute explicitly applies to conduct over the Internet and via other electronic means (via text message, for example). However, it is much more difficult—if not impossible—to imagine a case unfolding like Lara-Martinez urges us to consider: a defendant who was convicted for coercing or inducing *an of-age peace officer* to *actually expose* his/her genitals for a defendant's arousal or gratification.[1]

And while Missouri does recognize the crime of attempted sexual misconduct involving a child, the cases we have found are all subpart (1) or (2) crimes where the defendant exposed his/her own genitals to a child (or a person the defendant thought was a child). *See, e.g.*, *State v. Jeffrey*, 400 S.W.3d 303,

---

[1] Missouri Statute section 566.083 is not an enticement crime. Subpart (2) requires the defendant to expose his/her genitals to a minor, and subpart (3) requires the defendant to "coerce[] or induce[] a child less than fifteen years of age *to expose the child's genitals*." (emphasis added). *Cf. State v. Mashek*, 336 S.W.3d 478, 482 & n.4 (Mo. Ct. App. 2011).

No. 15-41497

306–07 (Mo. 2013) (en banc); *State v. Howell*, 454 S.W.3d 386, 389 (Mo. Ct. App. 2015); *State v. Mauchenheimer*, 342 S.W.3d 894, 895 (Mo. Ct. App. 2011). This makes sense given that Missouri has a separate "enticement" crime.[2] Indeed, Missouri charges enticement or attempted enticement regularly, many times in *To Catch a Predator* situations like Lara-Martinez identifies. *See, e.g.*, *State v. Craig*, ---S.W.3d---, 2016 WL 2731575, at \*3 (Mo. Ct. App. May 10, 2016); *State v. Anderson*, 467 S.W.3d 378, 380–81 (Mo. Ct. App. 2015); *State v. Doubenmier*, 444 S.W.3d 921, 923 (Mo. Ct. App. 2014). Thus, Lara-Martinez has not identified a case where Missouri charged a defendant with attempted sexual misconduct involving a child under subpart (3) likely because attempting to "coerce[] or induce[] a child less than fifteen years of age to expose the child's genitals" would fit the elements of enticement. Mo. Rev. Stat. § 566.083.1(3). Lara-Martinez has not shown a "realistic probability . . . that [Missouri] would apply its statute to conduct that falls outside the generic definition of [sexual abuse of a minor]" based on the peace officer provision. *Duenas-Alvarez*, 549 U.S. at 193.

The judgment of the district court is AFFIRMED.

---

[2] Mo. Rev. Stat. § 566.151.