STEPHEN A. HIGGINSON, Circuit Judge,
concurring in part and dissenting in part:
I concur in Section III.B of the majority opinion, in Section I of Judge Dennis’s dissenting opinion, and in full in Judge Smith’s dissenting opinion. Because “felony” under Texas Penal Code § 46.04 is defined more broadly than, hence not “defined in,” 18 U.S.C. § 922(g)(1), I agree with Judge Dennis’s dissenting opinion that Texas Penal Code § 46.04 cannot be an “aggravated felony” under the Sentencing Guidelines. Although I have applied the “realistic-probability” test announced *244 in Duenas-Alvarez,[1] I agree with Judge Dennis’s dissenting opinion that this added showing is unnecessary when a state statute is facially broader than its federal analog.
Fundamentally, this case highlights the incongruities inherent in the categorical approach. Congress did not intend to subject all federal felons in possession of a firearm to a recidivist sentencing enhancement but to include none from Texas. This paradoxical result — what scholars call the “windfall” problem' — is a consequence of the judicially crafted categorical framework, which cannot be harmonized with congressional intent, and thus unsurprisingly continues to trouble courts, including the Supreme Court. Compare Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), with Mathis v. United States, — U.S. -, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). Our ongoing struggle to apply the categorical approach while respecting the congressional purpose to enhance punishment for similar recidivists may justify Supreme Court intervention yet again. See Mathis, 136 S.Ct. at 2258 (Kennedy, J., concurring) (“[Cjontin-ued congressional inaction in the face of a system that each year proves more unworkable should require this Court to revisit its precedents in an appropriate case.”). In the meantime, it is further unsurprising that courts will stretch the realistic-probability test of Duenas-Alvarez more and more to bridge the chasm between congressional intent and judicial doctrine.
The Supreme Court has not yet addressed the elasticity we face here: is the realistic-probability test of Duenas-Alva-rez not only a means of interpreting an ambiguous state statute, but the rule in every case? In both Mathis and Taylor, however, the Court has at least suggested it’s not. Mathis, 136 S.Ct. at 2250 (finding Iowa’s burglary statute broader than generic burglary based only on its text without resort to Iowa caselaw); Taylor v. United States, 495 U.S. 575, 599-600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (finding Missouri’s second-degree burglary statute broader than generic burglary based only on its text without resort to Missouri case-law). I am apprehensive that the majority’s absolute requirement in every case[2] — a rule Judge Dennis’s dissenting opinion demonstrates is in tension with at least four other circuits and also conflicts with considerable precedent of our own[3] — additionally places an impractical burden on defendants without access to the required *245 information. With most criminal prosecutions ending in plea agreements and putative charges driving plea negotiations, the conduct states define as criminal may not be expressed in appellate-level decisions, and the evidence required to satisfy the majority’s rule may thus be unavailable.

. As the author of United States v. Lara-Martinez, I question how this decision stands for the rule that a defendant must always point to a state-court case as evidence of a state crime's broader sweep. 836 F.3d 472 (5th Cir. 2016). In Lara-Martinez, we addressed a state statute that was plainly narrower than tire comparable categorical offense. Id. at 476 (contrasting the categorical crime of violence of “sexual abuse of a minor,” where federal law defines “minor” as a person under 18, with Missouri’s offense of “sexual misconduct involving a child,” where Missouri defines “child” as a person under 15).

. “[A] defendant must point to an actual state case applying a state statute in a nongeneric manner, even where the state statute may be plausibly interpreted as broader on its face.” Majority Op. at 224 n. 4.

.See also United States v. Najera-Mendoza, 683 F.3d 627, 630 (5th Cir. 2012) (finding Oklahoma’s kidnapping statute broader than generic kidnapping based only on its text without resort to Oklahoma caselaw); United States v. Bonilla, 524 F.3d 647, 654-55 (5th Cir. 2008) (finding New York’s attempted manslaughter statute broader than generic manslaughter based only on its text without resort to New York caselaw); United States v. Fierro-Reyna, 466 F.3d 324, 326 (5th Cir. 2006) (finding Texas’s aggravated assault statute broader than generic assault based only on its text without resort to Texas caselaw).