STATE OF MISSOURI, )
 )
 Respondent, )
 )
 vs. ) No. SD37121
 ) Filed: February 25, 2022
CORNELIUS PERKINS, )
 )
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

 Honorable David A. Dolan, Judge

AFFIRMED

 Cornelius Perkins (“Perkins”) challenges his conviction, following a jury trial, of the

class B felony of assault in the first degree. In two points relied on, Perkins argues that the trial

court erred in: (1) overruling his motions for judgment of acquittal because there was insufficient

evidence that Perkins intended to inflict serious physical injury upon Victim, and (2) allowing the

State to adduce an opinion from Deputy Jason Vishe that Perkins’ assault could have caused

Victim to suffer broken bones or death. Finding no merit to either of Perkins’ points relied on, we

deny the same and affirm the judgment of the trial court.
 Facts and Procedural History

 We recite the facts in accord with the principle that we view the evidence and its reasonable

available inferences in the light most favorable to Perkins’ conviction. State v. Knox, 604 S.W.3d

316, 319–20 (Mo. banc 2020). We recite other information as necessary for context.

 On July 17, 2019, Perkins assaulted Victim in a “pod” they were housed in at the Scott

County jail. Deputy Michael Adams, a jail supervisor for the Scott County jail, responded

regarding that altercation. When Deputy Adams arrived, Perkins told him, “I did it. Do not lock

everyone down.” The altercation was recorded on surveillance video.

 Perkins was charged by Amended Felony Information, as a prior and persistent offender,

with the class B felony of assault in the first degree, pursuant to section 565.050.1

 A jury trial commenced on February 22, 2021. Victim testified that Perkins struck him

about 20 times, and he was aware the assault had been captured on video.

 Deputy Vishe testified that he spoke to Victim after the assault. Victim stated Perkins had

been “bother[ing] him all day” by “say[ing] various things to him passing by until he was finally

assaulted.” Deputy Vishe stated that during his conversation with Victim, he appeared “visibly

upset and crying.” Deputy Vishe testified he knew Victim prior to the assault and that Victim

generally “kept to himself and was pretty quiet” and had “some mental delay.”

 Deputy Vishe testified he had reviewed the video and observed Perkins walking by Victim

several times and then Perkins began “punching [Victim] with closed fists on the face until

[Victim] fell on the ground.” Perkins also started kicking and stomping Victim multiple times.

From viewing the video, Deputy Vishe surmised that Perkins punched Victim 11 times and kicked

1
 All references to statute are RSMo Noncum. Supp. (2014).

 2
him 20 times. The surveillance video was admitted into evidence and played for the jury. The

following colloquy then took place:

 [State:] Now, during your time as a police officer how long have you
 been a police officer?

 [Vishe:] I was one fore [sic] close to ten years.

 [State:] And have you investigated assault cases?

 [Vishe:] Yes, ma’am.

 [State:] Assault in the first degree?

 [Vishe:] Yes, ma’am.

 [State:] And based on what you witnessed in that video and based on
 your training and experience, striking somebody in the head ten times and then
 kicking them over 20 times, can that result in serious physical injury?

 [Vishe:] Absolutely.

 ....

 [State:] What kind of injury could you probably see as a result [of]
 those?

 [Vishe:] I would say bruising, swelling, possible concussion.

 [State:] Fractures to the face?

 [Vishe:] Fractured bones or even death.

 Perkins did not testify or present any evidence. The jury found Perkins guilty as charged,

and the trial court sentenced Perkins (as a prior and persistent offender) to 25 years in prison. On

March 19, 2021, Perkins filed a motion for new trial, which was overruled by the trial court. This

appeal followed.

 3
 In two points relied on, Perkins asserts the trial court: (1) erred in overruling his motions

 for judgment of acquittal at the close of the State’s evidence and at the close of all the evidence

 because there was insufficient evidence to prove that Perkins intended to inflict serious physical

 injury upon Victim, and (2) plainly erred in allowing the State to adduce an opinion from Deputy

 Vishe that Perkins could have caused Victim to suffer broken bones or death.

 Standard of Review

 An appellate court’s review of the sufficiency of the evidence to support a
 criminal conviction is limited to determining whether there is sufficient evidence
 from which a reasonable jury could have found the defendant guilty beyond a
 reasonable doubt. Evidence and inferences favorable to the State are accepted as
 true, and evidence to the contrary is rejected. Appellate review is limited to
 whether, in light of the evidence most favorable to the State, any rational fact-finder
 could have found the essential elements of the crime beyond a reasonable doubt.

Knox, 604 S.W.3d at 319–20 (internal quotations and citations omitted).

 Generally, this Court does not review unpreserved claims of error. Rule 30.20[2]
 alters the general rule by giving appellate courts discretion to review ‘plain errors
 affecting substantial rights may be considered in the discretion of the court . . . when
 the court finds that manifest injustice or miscarriage of justice has resulted
 therefrom.’ Rule 30.20. Plain error review is discretionary, and this Court will not
 review a claim for plain error unless the claimed error facially establishes
 substantial grounds for believing that manifest injustice or miscarriage of justice
 has resulted. The plain language of Rule 30.20 demonstrates that not every
 allegation of plain error is entitled to review. The plain error rule is to be used
 sparingly and may not be used to justify a review of every point that has not been
 otherwise preserved for appellate review. Unless manifest injustice or a miscarriage
 of justice is shown, an appellate court should decline to review for plain error under
 Rule 30.20. Finally, the defendant bears the burden of demonstrating manifest
 injustice entitling him to plain error review.

State v. Brandolese, 601 S.W.3d 519, 525–26 (Mo. banc 2020) (internal quotations and citations

omitted).

2
 All rule references are to Missouri Court Rules (2018).

 4
 Analysis

 Point I: Sufficient Evidence Supported Conviction

 In his first point, Perkins argues that the trial court erred in rejecting his motions for

judgment of acquittal at the close of the State’s evidence and at the close of all the evidence in that

there was insufficient evidence to prove that Perkins intended (or attempted) to cause serious

physical injury to Victim.

 Perkins was convicted of assault in the first degree. “A person commits the offense of

assault in the first degree if he or she attempts . . . to cause serious physical injury[3] to another

person.” § 565.050.1.

 Guilt for an offense may be based upon an attempt to commit an offense if, with
 the purpose of committing the offense, a person performs any act which is a
 substantial step towards the commission of the offense. A ‘substantial step’ is
 conduct which is strongly corroborative of the firmness of the actor’s purpose to
 complete the commission of the offense.

§ 562.012.1. “‘Purposely’, when used with respect to a person’s conduct or to a result thereof,

means when it is his or her conscious object to engage in that conduct or to cause that result[.]”

§ 556.061(41).

 “Intent is rarely susceptible to proof by direct evidence and is most often inferred

circumstantially.” State v. Lammers, 479 S.W.3d 624, 633 (Mo. banc 2016). “The necessary

intent may be based upon circumstantial evidence or inferred from surrounding facts, such as

evidence of defendant’s conduct before the act, from the act itself, and from the defendant’s

subsequent conduct.” State v. Herrington, 315 S.W.3d 424, 426 (Mo.App. S.D. 2010) (internal

quotation and citation omitted).

3
 “Serious physical injury” is defined as “physical injury that creates a substantial risk of death or that causes serious
disfigurement or protracted loss or impairment of the function of any part of the body.” § 556.061(44). “Physical
injury” is defined as “slight impairment of any function of the body or temporary loss of use of any part of the body.”
§ 556.061(36).

 5
 Here, Perkins’ actions establish that he intended to cause serious physical injury to Victim

and took a substantial step toward achieving that result. Perkins hit Victim in the head with a

closed fist several times and continued to hit Victim as he went to the ground. Once Victim fell

and began blocking Perkins’ punches, Perkins changed his method of attack to kicking and

stomping on Victim. Moreover, Perkins also watched Victim lay motionless for several seconds

after the attack and admitted to the responding officer what he had done. This was sufficient

evidence to support the elements of assault in the first degree. Perkins’ Point I is denied.

 Point II: No Plain Error in Allowing Deputy Vishe’s Testimony

 In his second point, Perkins argues that the trial court plainly erred in permitting Deputy

Vishe to testify that Perkins’ assault of Victim could have resulted in broken bones or death.

 In his brief, Perkins admits that this alleged claim of error is unpreserved, and he therefore

requests plain error review. However, Perkins’ claimed error does not “facially establish[]

substantial grounds for believing that manifest injustice or miscarriage of justice has resulted[,]”

and we accordingly deny his Point II. See Brandolese, 601 S.W.3d at 526 (internal quotation and

citation omitted).

 The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

JACK A. L. GOODMAN, J. - CONCURS

 6