**STATE of Missouri, Respondent,**

v.

**Angelina REYNOLDS, Appellant.**

**No. WD 73306.**

Missouri Court of Appeals,
Western District.

March 6, 2012.

LaDarron D. Williams, Kansas City, MO, for appellant.

Wesley M. Rogers and Stephanie N. Steele, Liberty, MO, for respondent.

Before Division One: CYNTHIA L. MARTIN, Presiding Judge, THOMAS H. NEWTON, Judge and KAREN KING MITCHELL, Judge.

CYNTHIA L. MARTIN, Judge.

Angelina Reynolds ("Reynolds") appeals from her conviction following a jury trial of the class A misdemeanor of fraudulently stopping payment of an instrument. Reynolds was sentenced to payment of a $900 fine. Reynolds seeks plain error review of her claim that the prosecution was barred by the statute of limitations. Reynolds also claims ineffective assistance of counsel. We affirm.

**Factual and Procedural Background[1]**

Reynolds developed a business relationship with Finnegan's, a banquet hall owned by, and attached to, the AMF bowling alley in North Kansas City. Reynolds organized youth events at Finnegan's throughout the summer of 2008. Several events were scheduled, and on each occasion, Reynolds was required to remit a

1. "We view the facts in the light most favorable to the jury's verdict." *State v. Elam,* 89

rental fee for use of the premises. On August 8, 2008, Reynolds wrote a check to Finnegan's in the amount of $1200 for use of the banquet hall for an event scheduled that same evening.

On August 9, 2008, Reynolds returned to Finnegan's to schedule another event. She was told at that time about damage to a lamp which had occurred the night before. Reynolds wrote Finnegan's a check in the amount of $150 to pay for the replacement of the damaged lamp.

On August 11, 2008, Reynolds was advised by Jerry Sanders, the district manager of Finnegan's, that Finnegan's would no longer permit parties organized by Reynolds to be held at the premises. Shortly thereafter, Reynolds stopped payment on the two outstanding checks written to Finnegan's.

A new manager had begun managing Finnegan's on August 8, 2008. As a result of the transition, several months passed before any action was taken to address the checks on which Reynolds had stopped payment. At some point, however, the new manager contacted the North Kansas City Police Department. Detective Scott Baker began a criminal investigation in April of 2009.

On August 10, 2009, the State charged Reynolds with the class A misdemeanor of fraudulently stopping payment of an instrument. The information asserted, in part:

On or about August 8, 2008, in the county of Clay, State of Missouri, [Reynolds], with the purpose to defraud, knowingly stopped payment on a check in the amount of $1200, drawn upon First Federal Bank FSB and given in payment for the receipt of banquet room rental.

S.W.3d 517, 520 (Mo.App. W.D.2002).

On the date of trial, October 25, 2009, and before the jury was sworn, the State sought to file an amended information changing the date of the offense to August 11, 2008. Reynolds objected. Before the trial court ruled on the objection, the State and Reynolds reached an agreement about an alternative date to use in the first amended information. The State then filed, without objection from Reynolds, an amended information which changed the alleged date of the offense from "on or about August 8, 2008" to "between August 8 and August 11, 2008."

The jury returned a verdict of guilty and recommended that Reynolds receive a fine. The trial court heard Reynolds's motion for judgment of acquittal notwithstanding the verdict. Reynolds raised the issue of the statute of limitations in this motion for the first time, as she had not raised the issue at anytime during trial, including at the time the State sought to file its amended information. The trial court denied Reynolds's motion. The court then imposed a sentence of a $900 fine.

Reynolds filed this timely appeal.

### Analysis

Reynolds raises two points on appeal. In her first point, Reynolds alleges that the trial court erred in overruling her motion for judgment of acquittal or in the alternative for new trial because prosecution for the misdemeanor offense with which she was charged was time barred by the applicable one year statute of limitations. Reynolds seeks plain error review of this point on appeal, as she acknowledges the issue was not preserved during trial. In her second point, Reynolds alleges that she was prejudiced by ineffective assistance of counsel.

### *Point Relied on I*

■ In her first point on appeal, Reynolds asks this court to afford her plain

error review of her claim that she was prosecuted of the class A misdemeanor of fraudulently stopping payment of an instrument beyond the applicable statute of limitations. Reynolds admits that she failed to raise this issue before or during trial, and that her first reference to the issue in her post-trial motion did not preserve the issue for appellate review. Reynolds is correct that her failure to timely raise the issue of the statute of limitations constitutes a waiver of the issue. In *Longhibler v. State*, 832 S.W.2d 908 (Mo. banc 1992), our Supreme Court held that the issue of the statute of limitations is an affirmative defense which must be raised by a criminal defendant before final disposition of a case, whether by conviction or plea, or it is waived. *Id.* at 909–911. Raising the affirmative defense of the statute of limitations in a post-trial motion does not qualify as raising the issue with the trial court before final disposition of a case.

As Reynolds has, concededly, waived the defense of the statute of limitations, her only recourse is to seek our plain error review of the issue pursuant to Rule 30.20. Rule 30.20 provides that:

> Allegations of error that are not briefed or are not properly briefed on appeal shall not be considered by the appellate court except errors respecting the sufficiency of the information or indictment, verdict, judgment, or sentence. ***Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.***

(Emphasis added.) In order to be afforded plain error review, Reynolds "must not only show prejudicial error occurred, but must also show that the error so substantially affected [her] rights that a manifest

injustice or a miscarriage of justice would inexorably result if the error were to be left uncorrected." *State v. Deckard*, 18 S.W.3d 495, 497 (Mo.App. S.D.2000). The burden of proving the existence of such a manifest injustice or miscarriage of justice rests on Reynolds. *State v. Uptegrove*, 330 S.W.3d 586, 592 (Mo.App. W.D.2011). Under the facts and circumstances of this case, we cannot conclude that the standard described in Rule 30.20 has been met.

Section 556.036.2(2) [2] provides that:

Except as otherwise provided in this section, prosecutions for other offenses must be commenced within the following periods of limitation:

. . .

(2) For any misdemeanor, one year.

A misdemeanor prosecution is "commenced" when the information is filed. Section 556.036.5.

The State's original information, which was filed on August 10, 2009, alleged that Reynolds fraudulently stopped payment on her $1200 check to Finnegan's on August 8, 2008. The factual allegation of wrongdoing in the original information suggests that the State commenced its prosecution of Reynolds outside the applicable statute of limitations.

The State, however, filed an amended information on the day of trial pursuant to a stipulation reached with Reynolds's trial counsel. The amended information alleged that the offense with which Reynolds was charged occurred between August 8 and August 11, 2008, a time frame which includes at least two days within the applicable one year statute of limitations.

There is no dispute in the evidence that the date on which Reynolds actually stopped payment on the $1200 check to Finnegan's was August 11, 2008. Reynolds testified at trial that on Monday, August 11, 2008, she consulted with her attorney and stopped payment on her check after having a conversation with Jerry Sanders, Finnegan's district manager, who told her that no further events would be permitted at the facility. In Reynolds's motion for judgment of acquittal or in the alternative for new trial, Reynolds acknowledged in discussing the procedural history of the case that the State filed "[a]n information charging [Reynolds] with one count of the class A misdemeanor *of fraudulently stopping payment (August 11, 2008) of an instrument* executed on August 8, 2008, was filed on August 10, 2009." (Emphasis added.) There is simply no dispute, therefore, that when the State commenced its prosecution of Reynolds on August 10, 2008, it did so within the one year of the date on which Reynolds stopped payment of the check.

Section 570.125.1 defines the class A misdemeanor of fraudulently stopping payment on an instrument as follows:

A person commits the crime of "fraudulently stopping payment of an instrument" if he, knowingly, with the purpose to defraud, stops payment on a check or draft given in payment for the receipt of goods or services.

Section 556.036.4 provides, in pertinent part, that "[a]n offense is committed . . . when every element occurs." An essential element of Reynolds's alleged violation of section 570.125.2 was the action of stopping payment on the $1200 check. Reynolds testified that she stopped payment on the $1200 check on August 11, 2008. Until Reynolds stopped payment on the $1200 check on August 11, 2008, no crime had been committed under section 570.125.1 for which an information could be filed. Thus, the State's prosecution was commenced by its filing of an information on

---

**2.** All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

August 10, 2009, within one year of Reynolds's alleged violation of section 570.125.1.

Reynolds has not sustained her burden to demonstrate that she has suffered a manifest injustice or miscarriage of justice. We will not, therefore, exercise our discretion to conduct plain error review of the unpreserved claim that Reynolds was prosecuted outside the applicable statute of limitations.

Point One is denied.

### *Point Relied on II*

In her second point on appeal, Reynolds claims she was prejudiced as a result of several specific claims of ineffective assistance of counsel. This is not a cognizable claim.

■ Rule 24.035 (relating to convictions following a guilty plea) and Rule 29.15 (relating to convictions following a trial) specifically describe the authorized means by which claims of ineffective assistance of counsel can be raised. By their express terms, however, "Rules 24.035 and 29.15 provide relief solely for convictions for felonies; they cannot be employed to challenge a movant's misdemeanor convictions." *Newton v. State*, 359 S.W.3d 54 (Mo.App. W.D.2011). "Claims of ineffective assistance of counsel cannot be asserted on a direct appeal from a misdemeanor conviction. [Reynolds's] remedy, if any, for ineffective assistance of counsel in misdemeanor cases is by habeas corpus." *State v. Morovitz*, 867 S.W.2d 506, 510 (Mo. banc 1993).

Point Two is denied.

### Conclusion

We affirm.

All concur.