STATE of Missouri, Respondent,

v.

**Steven J. WRIGHT, Appellant.**

**No. ED 97927.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 29, 2013.

Craig A. Johnston, Columbia, MO, for appellant.

Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for respondent.

## OPINION

ANGELA T. QUIGLESS, Judge.

Steven Wright ("Wright") appeals from the Pike County Circuit Court's denial of his motion for new trial. The court found Wright failed to demonstrate a constitutional violation or prejudice as the juror excusal process did not constitute a substantial failure to comply with the declared policy of Sections 494.400 to 494.505 RSMo.[1] We vacate the judgment and remand with instructions to dismiss Wright's motion. A motion for new trial is not the appropriate vehicle for relief under Section 494.465 when the time for filing has expired.

### I. FACTS AND PROCEDURAL BACKGROUND

In 2002, a jury convicted Wright of murder in the second degree, in violation of Section 565.021. He was sentenced to life imprisonment. On appeal, the conviction and sentence were affirmed. *State v. Wright*, 151 S.W.3d 836 (Mo.App. E.D. 2004). Wright's motion for post-conviction relief was denied by the motion court and affirmed on appeal. *Wright v. State*, 206 S.W.3d 377 (Mo.App. E.D.2006).

Wright obtained newly-discovered evidence regarding the jury selection procedures used in 2002 pending his jury trial. In 2011, Wright filed a motion for new trial contending the jury selection procedures failed to substantially comply with Sections 494.400 to 494.505. The Pike County Circuit Court denied Wright's motion for new trial, finding Wright failed to demonstrate a constitutional violation or prejudice. This appeal follows.

### II. DISCUSSION

■ Wright appeals from the denial of his motion for new trial filed pursuant to Section 494.465.1, which provides, in pertinent part:

> A party may move to stay the proceedings **or for other appropriate relief** including, in a criminal case, to quash the indictment if there has been a substantial failure to comply with the declared policy of sections 494.400 to 494.505 in selecting a grand jury, on the ground of substantial failure to comply with the provisions of sections 494.400 to 494.505. Such motion may be made ... within fourteen days after the moving party discovers or by the exercise of reasonable diligence could have discovered the ground therefore, whichever occurs later.

(Emphasis added).

■ The circuit court denied Wright's motion finding it had statutory authority to rule under Section 494.465. However,

---

1. All statutory references are to RSMo. (2000), unless otherwise noted.

Wright's time for filing a motion for new trial had expired. Rule 29.11(b) provides that in a criminal case, a motion for new trial must be filed not later than fifteen days after the verdict is returned or for good cause shown, and the court may extend the time for filing for one additional period not to exceed ten days. These time limitations for filing a motion for new trial are mandatory, and the trial court has no authority to extend the deadlines. *State v. Brock,* 113 S.W.3d 227, 234 (Mo.App. E.D. 2003). Wright filed his motion for new trial eight years after the time to file said motion for new trial had expired. Consequently, the circuit court lacked authority to rule on the motion. *See State v. Mooney,* 670 S.W.2d 510, 512 (Mo.App. E.D. 1984)(once time for filing a motion for new trial has expired, Missouri rules make no provision for filing a motion for new trial based on grounds of newly-discovered evidence).

■■■ Here, the appropriate vehicle for relief under Section 494.465, when the right to appeal and post-conviction remedies are exhausted,[2] is to file a petition for writ of habeas corpus. *State ex rel. Koster v. McCarver,* 376 S.W.3d 46, 52 (Mo.App. E.D.2012). In *McCarver,* defendant had initially sought a motion for new trial under Section 494.465. *Id.* at 49. The trial court did not rule on the motion, and it was denied by operation of law. *Id.* Defendant then sought relief by filing a petition for writ of habeas corpus. *Id.* This Court held that the defendant whose right to appeal and post-conviction remedies had passed could petition for a writ of habeas corpus by demonstrating cause and prejudice to overcome a procedural default. *Id.* at 52. "Relief in habeas corpus is available when a person is held in detention in viola-

tion of the constitution or laws of the state or federal government." *State ex rel. Zinna v. Steele,* 301 S.W.3d 510, 516 (Mo. banc 2010) (internal quotations omitted). Similarly, Wright's appropriate vehicle for relief under Section 494.465 was to file a petition for writ of habeas corpus.

### III. CONCLUSION

Although the circuit court denied Wright's motion for new trial on the merits, the time for filing such motion had expired. Therefore, we vacate the judgment and remand with instructions to dismiss Wright's motion. A motion for new trial is not the appropriate vehicle for relief under Section 494.465 when the time for filing has expired.

ROBERT G. DOWD, JR., P.J., and ROY L. RICHTER, J., Concur.

---

2. An amended motion for new trial is sufficient under Section 494.465 to preserve defendant's claim for direct appeal within the

appropriate timeframe. *Koster,* 376 S.W.3d at 54 n. 1.