

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED107682 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Christopher E. McGraugh |
| WALTER NICKELS, JR., | ) | |
| | ) | |
| Appellant. | ) | FILED: March 24, 2020 |

## Introduction

Walter Nickels, Jr. ("Nickels") appeals from the trial court's judgment following jury convictions for assault in the second degree, resisting arrest, and armed criminal action. Nickels raises four points on appeal. In Points One and Two, Nickels contends the trial court erred in denying his motion for new trial because the trial court had the authority to hear his ineffective-assistance-of-counsel claim under Rule 29.12(b)[1] and should have granted his motion due to trial counsel's failure to request misdemeanor assault as a lesser-included instruction for felony assault. In Point Three, Nickels maintains the trial court plainly erred in accepting inconsistent verdicts of not guilty of armed criminal action in connection with second-degree assault but guilty of second-degree assault. In Point Four, Nickels challenges the sufficiency of the evidence for his conviction on resisting arrest.

---

[1] All Rule references are to Mo. R. Crim. P. (2018) unless otherwise indicated.

First considering the plain-error claim in Point Three, although the verdicts exhibit some logical inconsistency, the conviction for second-degree assault was not manifestly unjust because second-degree assault was not dependent on armed criminal action nor unsupported by substantial evidence. Next, by affirmatively admitting his guilt for resisting arrest at trial in opening and closing arguments, Nickels waived his sufficiency claim in Point Four. Regarding the ineffective-assistance claim in Points One and Two, because Nickels did not timely raise the claim before the trial court nor give the trial court the opportunity to consider its authority to hear the claim under Rule 29.12(b), we find no error in the trial court's decision not to review the claim for plain error but instead enforce the mandatory time limitations of a motion for new trial. Accordingly, we affirm the judgment of the trial court.

Factual and Procedural History

On January 30, 2017, police officers observed Nickels driving erratically and began following him. Nickels parked alongside a street curb. The police officers approached Nickels, who appeared startled. Nickels revved the engine, and the police officers yelled at him to stop. One of the officers drew his gun when he observed Nickels holding a handgun. Nickels shifted in reverse and drove into the car behind him. Nickels then accelerated quickly and drove forward at one of the police officers. The officer opened fire on Nickels, who sped away at a high rate of speed. Police officers pursued Nickels, who was driving recklessly and over seventy miles per hour on residential streets and a highway. Police officers eventually located Nickels's abandoned car, which was registered as a stolen vehicle. The State charged Nickels with first-degree assault, armed criminal action in connection with assault, unlawful possession of a firearm, resisting arrest, and armed criminal action in connection with resisting arrest.

The case proceed to trial on November 5, 2018. Nickels's opening statement included the following:

2

[The police officers] ended up pulling in front. As she says, as soon as they pull in front of him, three officers get out very quickly. Guns drawn. Start yelling, start screaming at him and [Nickels] pulls back.

. . .

Now, like I had told you, *[Nickels] is not completely out of wrongdoing. He did— after he took off, he did resist police.* There was other officers behind him and he didn't pull over for them right away, but he didn't cause any accidents. *So I'll be asking you at the end of this case, find this defendant guilty of resisting* but he's not guilty for assaulting anybody. He didn't assault anybody. Didn't try to assault anybody. Went out of his way to make sure he didn't assault anybody. Not guilty of armed criminal action. Not guilty for having a firearm because he has had a firearm on him that day, and not guilty for armed criminal action with a resisting. *So at the end of all the evidence, ask to find him guilty for what he did was resisting an arrest, but find him not guilty for what he did not do in this case.*

(emphasis added).

At the close of evidence, the trial court instructed the jury on assault in the first and second degrees (Count I), armed criminal action in connection with assault (Count II), unlawful possession of a firearm (Count III), resisting arrest (Count IV), and armed criminal action in connection with resisting arrest (Count V). Concerning the assault charges in Count I, the trial court instructed the jury that it could find Nickels guilty of first-degree assault, guilty of the lesser-included offense of second-degree assault, or not guilty. The instruction for second-degree assault under Count I ("Instruction No. 6") required the jury to find that Nickels "attempted to cause physical injury to [the officer] by means of a dangerous instrument by driving a car toward him[.]" The instruction for armed criminal action in connection with second-degree assault under Count II ("Instruction No. 8") required the jury to find "[f]irst, that [the] defendant is guilty of the offense of assault in the second degree, as submitted in Instruction No. 6, and Second, that [the] defendant committed that offense with the knowing use of a dangerous instrument[.]"

In closing argument, Nickels stated:

3

*You know, [Nickels] is not, like I said, necessarily totally without fault. He resisted arrest after he pulled away from there, but look.* He was shot at. He panicked. What's he going to do, just sit there? There was one shot fired. Why would anybody have stayed there where there's more shots fired? You know, he's a sitting duck. He's got to do something. He pulled away. He was scared and once he got away yes, the police came. He didn't cause any accidents. Didn't hit any cars right on the highway. Didn't cause any damage or anything like that but *yes, so he resisted arrest. Find him guilty for arresting [sic] arrest.* Find him not guilty of any other charges. He didn't have a gun. He didn't try to assault anybody. Actually went out of his way to avoid hitting any officer.

(emphasis added).

Initially, the jury returned two verdicts on Count I: guilty of second-degree assault on Count I but also not guilty on Count I. The trial court noted the inconsistency. On the remaining counts, the jury found Nickels not guilty of armed criminal action in connection with assault (Count II), not guilty of unlawful possession of a firearm (Count III), guilty of resisting arrest (Count IV), and guilty of armed criminal action in connection with resisting arrest (Count V). The trial court noted that the verdicts were inconsistent only as to Count I. Nickels did not disagree. The trial court proposed instructing the jury that only one verdict can be returned for each count and then sending the jury back to resolve the inconsistent verdict for Count I. Nickels agreed. The trial court then explained the inconsistency to the jury and that the jury should return only one verdict for each count. The trial court referred the jury to Instruction 13, which stated that the defendant is charged with a separate offense in each of the five counts and that each count must be considered separately with one verdict for each count. The trial court then sent the jury back to correct its verdict. Shortly thereafter, the jury returned with verdicts of guilty of second-degree assault (Count I), guilty of resisting arrest (Count IV), and guilty of armed criminal action in connection with resisting arrest (Count V). The jury acquitted Nickels of armed criminal action in connection with assault (Count II) and not guilty of unlawful

4

possession of a firearm (Count III). The jury was polled and discharged. Trial counsel made no objections.

The trial court set sentencing for December 7, 2018, and granted ten additional days for Nickels to file a motion for new trial to be due on or before December 3, 2018. Nickels timely filed a motion for new trial alleging that the State did not meet its burden to prove every element of the convicted offenses and thus the trial court erred in denying his motions for acquittal; the State failed to prove that Nickels used a car to commit armed criminal action in connection with resisting arrest; and the trial court improperly admitted testimony from the police officer that the car Nickels was driving was stolen in a carjacking.

At the December 7 hearing, Nickels sought to orally supplement his written motion with regard to his second-degree assault conviction in Count I. Specifically, Nickels argued trial counsel was ineffective in failing to request an instruction for misdemeanor assault as a lesser-included offense of assault in the first or second degree. The trial court rejected Nickels's new claim as untimely because Nickels sought to orally modify his motion for new trial *only after* the filing deadline had passed. Additionally, the trial court noted that claims for ineffective assistance are properly raised in a Rule 29.15 post-conviction motion and not in a motion for new trial. Nickels then proceeded to sentencing without objection, and was sentenced to concurrent terms of ten years for second-degree assault, seven years for resisting arrest, and five years for armed-criminal action. Nickels now appeals.

Point on Appeal

Nickels raises four points on appeal. Point One maintains the trial court erred in denying his motion for new trial by concluding as a matter of law that a claim for ineffective assistance of counsel cannot be considered in the context of a motion for new trial because Rule 29.12(b) allows such claims to be considered for plain error when raised prior to the entry of a judgment

5

of conviction.  Point Two posits the trial court erred in denying his motion for new trial on grounds that trial counsel was ineffective for failing to request a misdemeanor assault instruction as a lesser-included offense of assault in the first or second degree and that Nickels likely would have been convicted of the misdemeanor rather than felony assault.  Point Three argues that the trial court plainly erred by accepting the inconsistent verdicts of the jury as to Counts I and II in that both counts required the jury to find Nickels assaulted a police officer with a dangerous instrument, specifically the car, and thus it was impossible for the jury to have convicted Nickels on Count I and not on Count II.  Point Four claims the trial court erred in denying his motion for acquittal on resisting arrest because the evidence was insufficient to support the conviction in that specific evidence of intent to effectuate arrest is required but none of the police officers testified they attempted to arrest Nickels, and the evidence at most established that Nickels sped away upon seeing the police officers.

## Discussion

We begin our discussion with the claims presented in Points Three and Four, followed by a combined discussion of the ineffective-assistance claim in Points One and Two.

## I.      Point Three—Inconsistent Verdicts

In Point Three, Nickels asserts that the trial court plainly erred by accepting inconsistent verdicts because both second-degree assault (Count I) and armed criminal action in connection with second-degree assault (Count II) required the jury to find that Nickels assaulted a police officer with the car as a dangerous instrument.  Here, the jury convicted Nickels of second-degree assault despite finding him not guilty of armed criminal action in connection with second-degree assault.

6

A.    Plain-Error Review

We first address the State's argument that Nickels waived appellate review of Point Three because Nickels did not raise the inconsistent-verdict issue to the trial court either in an in-trial objection or in his motion for new trial. Nickels counters that this Court should exercise its discretion to engage in plain-error review despite the lack of preservation because the alleged error of inconsistent verdicts constitutes an error affecting his substantial rights.

To preserve a claim for appellate review, an appellant must first object at the earliest opportunity. State v. Blurton, 484 S.W.3d 758, 774 (Mo. banc 2016) (internal citations omitted). Second, an appellant must include the specific allegation of error in the motion for new trial. Rule 29.11(d);[2] State v. Carter, 523 S.W.3d 590, 599 (Mo. App. W.D. 2017) (internal citation omitted). To be preserved for appellate review, the claim in the motion for new trial must be the same as the claim on the appeal. See, e.g., State v. Culpepper, 505 S.W.3d 819, 831 (Mo. App. S.D. 2016) (citing State v. Howery, 427 S.W.3d 236, 248 (Mo. App. E.D. 2014)) (noting "[a]n allegation of error in a motion for new trial may not be changed or broadened on appeal").

Nevertheless, we have discretion to conduct plain-error review of claims that are not preserved by timely objection and inclusion in a motion for new trial. Rule 30.20; State v. Escobar, 523 S.W.3d 545, 548 (Mo. App. W.D. 2017) (granting plain-error review under Rule 30.20 for instructional error despite the defendant's failure to object and renew the objection in a motion for new trial). Discretionary plain-error review does not diminish the necessity of error preservation, as "the neglect to make a timely objection to offensive argument deprives the trial court of an opportunity to correct the impropriety with immediacy, and so with efficiency."

---

[2] Rule 29.11(d) provides: "In jury-tried cases, allegations of error to be preserved for appellate review must be included in a motion for new trial except for questions as to the following: (1) [j]urisdiction of the court over the offense charged; (2) [w]hether the indictment or information states an offense; (3) [t]he sufficiency of the evidence to sustain the conviction."

7

State v. Hendrix, 646 S.W.2d 830, 834 (Mo. App. W.D. 1982). Failing to renew the objection in a motion for new trial likewise deprives the trial court of the opportunity to correct its mistake with "the most drastic of all redress—a new trial." Id. Thus, a defendant seeking relief under the plain-error rule carries a higher burden to show that "the irregularity infringed a substantial right and resulted in manifest injustice." Id.; see Rule 30.20; State v. Reynolds, 360 S.W.3d 332, 334–35 (Mo. App. W.D. 2012); State v. Flemons, 144 S.W.3d 877, 881 (Mo. App. W.D. 2004).

The concept of waiver in a criminal case is generally limited to self-invited errors. State v. Clay, 533 S.W.3d 710, 714 (Mo. banc 2017) (citing State v. Bolden, 371 S.W.3d 802, 805–06 (Mo. banc 2012)). "Although plain error review is discretionary, this Court will not use plain error to impose a *sua sponte* duty on the trial court to correct [a] [d]efendant's invited errors." Id. (quoting Bolden, 371 S.W.3d at 806); see also State v. Pickens, 332 S.W.3d 303, 319 n.14 (Mo. App. E.D. 2011) (internal quotation omitted) ("Ordinarily, a party cannot complain on appeal about a procedure adopted in the trial court at his or her own request, nor may an appellant complain of alleged error, which by such person's conduct at trial, he or she joined in or acquiesced or invited."); Johnson v. State, 189 S.W.3d 640, 647 (Mo. App. W.D. 2006) (internal citations omitted) ("By affirmatively stating that he did not have any objection . . . the appellant not only waived any appellate review for preserved error of this issue, but also waived plain error review thereof[.]"). Thus, we will not charge the trial court with plain error for a defendant's self-invited errors. See Clay, 533 S.W.3d at 714; Pickens, 332 S.W.3d at 319 n.14.

Here, Nickels acknowledges that his inconsistent-verdict claim is unpreserved. Nickels did not object to the verdicts at trial, either before or after the jury was discharged. See Flemons, 144 S.W.3d at 881 (requiring an objection to inconsistent verdicts be made *before* the jury is discharged). Notably, when the jury returned its initial verdict, Nickels did not disagree with the

8

trial court's assessment that there was an inconsistency *only* as to Count I, given that the jury returned verdicts of both guilty and not guilty on the charge of second-degree assault. Nickels agreed when the trial court proposed to instruct the jury that only one verdict could be returned for each count, and to send the jury back to resolve the inconsistency as to Count I. See State v. Zimmerman, 941 S.W.2d 821, 824–25 (Mo. App. W.D. 1997) (internal quotation omitted) ("[W]hen a jury returns a verdict in improper form, it is the duty of the trial court to refuse to accept the same and require further deliberations until a verdict in proper form is returned."). When the jury later returned and rendered verdicts of guilty on Counts I, IV, and V and not guilty on Counts II and III, Nickels did not object to the verdicts on any grounds. Before the jury was discharged, the jurors were polled, and again Nickels raised no issues with respect to the verdicts. See id. at 825 (noting that jury polling may be used to resolve verdict confusion). In his timely filed motion for new trial, Nickels raised four points, none of which alleged the jury rendered inconsistent verdicts. See Rule 29.11(d); Carter, 523 S.W.3d at 599. Although Nickels failed to give the trial court the opportunity to review and redress the allegedly inconsistent verdicts, we do not find Nickels's failure to preserve his point for appeal was clearly the product of self-invited error so as to justify applying waiver. See Clay, 533 S.W.3d at 714. Rather, unpreserved claims of plain error may still be reviewed under Rule 30.20 if manifest injustice would otherwise occur. Escobar, 523 S.W.3d at 548; State v. Owens, 270 S.W.3d 533, 536 (Mo. App. W.D. 2008) (reviewing an unpreserved inconsistent-verdict claim for plain error). Thus, we consider whether Nickels's claim warrants plain-error review.

B.    No Manifest Injustice to Merit Plain-Error Review

We will only grant plain-error review of unpreserved errors affecting substantial rights when we find that manifest injustice or a miscarriage of justice has resulted. Rule 30.20; Reynolds, 360 S.W.3d at 336 (holding the defendant did not show manifest injustice to warrant

9

plain-error review of her unpreserved claim that she was prosecuted outside the statute of limitations). As Nickels correctly notes, inconsistent verdicts *may* present manifest injustice. See Owens, 270 S.W.3d at 543–44. Here, however, we are not persuaded that any manifest injustice or miscarriage of justice arises from the jury's verdicts. See State v. Bratton, 92 S.W.3d 275, 278 (Mo. App. W.D. 2002) (holding the trial court's acceptance of a guilty verdict for robbery in light of acquittal for armed criminal action did not manifestly prejudice the defendant so as to warrant plain–error review). We recognize that the jury's conviction on Count I and not on Count II bears logical inconsistency. Armed criminal action in Count II depends on the underlying charge of second-degree assault in Count I, and the instructions share the requirement to find that Nickels assaulted the police officer with the car. Thus, if the jury convicted Nickels on the greater charge of second-degree assault, it would have been logically consistent for the jury to also have found him guilty on armed criminal action in connection with second-degree assault; alternatively, as Nickels posits, it would have been internally consistent for the jury to find him not guilty on both counts if the jury did not find he drove the car at the police officer. See id. at 278 (noting that if the jury was sent back it was just as likely to return a verdict of guilt as to both as it was to return with acquittal on both). Yet logical inconsistency is not determinative of manifest injustice. Owens, 270 S.W.3d at 540 (internal citation omitted). Indeed, "[h]owever much the jury's conclusion may tax the legally trained's penchant for consistency, the law is clear that inconsistent verdicts among the varied charges of a multi-count indictment are not self-vitiating." Id. (internal quotation omitted). Rather, "[a]n inconsistent verdict among several charges does not require a reversal provided there is sufficient evidence to support the jury's finding of guilt on each count considered independently." Id. at 539 (quoting State v. Clemons, 643 S.W.2d 803, 805–06 (Mo. banc 1983)) (internal brackets omitted).

10

Before reviewing the sufficiency of the evidence for Nickels's second-degree assault conviction, we must consider one recognized exception. Namely, a defendant need not demonstrate a lack of evidence to support the offense for which defendant was convicted when the jury convicts a defendant for an offense that is necessarily predicated on an offense for which the defendant was acquitted. Owens, 270 S.W.3d at 539–40, 543 n.14 (internal citations omitted) (finding it would constitute manifest injustice to affirm an attempted victim-tampering conviction when the defendant was acquitted of the charge that would have established the "victim" element for the victim-tampering offense). In other words, when "a finding of guilt on one count *depends on* the jury's verdict on another count, acquittal of the predicate crime precludes conviction of the dependent offense." Id. at 540 (citing Flemons, 144 S.W.3d at 882) (noting in Flemons the jury improperly found the defendant guilty on unlawful use of a weapon but not guilty on possession of marijuana with the intent to distribute, which was the felony on which the unlawfulness of the unlawful-use-of-a-weapon charge depended). Here, the instructions for finding Nickels guilty of armed criminal action in connection with second-degree assault *depended on* finding Nickels guilty of second-degree assault. Thus, hypothetically, if Nickels had been found *not guilty* of the predicate offense of second-degree assault but guilty of armed criminal action in connection with second-degree assault, the verdict inconsistency may have resulted in manifest injustice. See id. Instead, however, we are presented with the inverse of the recognized exception: Nickels was found guilty of the predicate offense of second-degree assault but the jury chose to acquit him of armed criminal action in connection second-degree assault. See id. Accordingly, the exception does not apply. See id. Thus, we will only find manifest injustice for reversal if the conviction on second-degree assault was not supported by the evidence. Id. at 539–40, 543 n.14 (internal citation omitted).

11

We find the record contains sufficient evidence to support Nickels's conviction on second-degree assault. See id.; Bratton, 92 S.W.3d at 278 (noting even when the defendant does not separately appeal the evidentiary sufficiency of the conviction disputed in the inconsistent-verdict claim that we review for whether a rational trier of fact could have found the essential elements beyond a reasonable doubt). Instruction No. 6 instructed the jury to find Nickels guilty of second-degree assault if the jury found that Nickels "attempted to cause physical injury to [the officer] by means of a dangerous instrument by driving a car toward him[.]" The facts adduced at trial included the following: As police officers approached his stopped car, Nickels appeared startled and began revving the engine of the vehicle. Despite being told to stop, Nickels reversed into the car behind him, then quickly accelerated forward "straight at" or "towards" one of the police officers, coming within one foot of hitting the police officer, before evading the police officers on a high speed chase. Under these facts, a jury reasonably could find that Nickels attempted to cause physical injury to the officer by means of driving a car toward him. See State v. Redifer, 290 S.W.3d 184, 186 (Mo. App. W.D. 2009) (internal citation omitted) (noting we grant the State all favorable inferences when determining whether a reasonable juror could have found the defendant guilty of the charged offense); Bratton, 92 S.W.3d at 278.

We find guidance for our conclusion that no plain error resulted from the trial court's acceptance of the verdicts for Counts I and II in a recent Western District opinion considering a similar inconsistent-verdict claim on plain-error review in the context of vehicular involuntary manslaughter, unlawful use of a weapon, and armed criminal action. State v. Young, WD 81706, 2019 WL 6314800, at *3 (Mo. App. W.D. Nov. 26, 2019), reh'g and/or transfer denied (Jan. 23, 2020), application for transfer filed in Supreme Court (Feb. 10, 2020).[3] In that

---

[3] Young was handed down during the pendency of Nickels's appeal but prior to the due date for his reply brief.

case, the defendant alleged that the trial court erred in accepting inconsistent verdicts of acquittal on second-degree murder but guilty of unlawful use of a weapon (and armed criminal action) because the instructions for second-degree murder and unlawful use of a weapon were "nearly identical" and thus the State's failure to prove all the elements of felony murder meant the jury necessarily should also have acquitted the defendant of unlawful use of a weapon. Young, 2019 WL 6314800, at *2. The Western District agreed that the verdict was intellectually inconsistent but held the verdict was not manifestly unjust, because although the jury chose not to convict the defendant of the greater charge—instead convicting him of a lesser offense of involuntary manslaughter—sufficient evidence supported the jury's convictions. Id. at *6–7. As here, the Western District reasoned that: "Unlike in Owens and Flemons, there was no clear acquittal of the predicate offense in this case. It would be mere conjecture to find that by convicting on the lesser-included offense the jury found [the defendant] not guilty of unlawful use of a weapon." Id. at *6 (citing Owens, 270 S.W.3d at 536, 540; Flemons, 144 S.W.3d at 882). The Western District explained that "while the verdicts may be 'somewhat intellectually inconsistent[,]' [that inconsistency] reflects the jury's compromise or lenity and does not require reversal." Id. (citing Bratton, 92 S.W.3d at 277–78). Likewise, here, the jury's conviction on second-degree assault and acquittal on the similarly-instructed armed criminal action is supported by sufficient evidence and may demonstrate the jury's lenity in the face of multiple charges arising out of a single vehicular incident. See id. (citing Bratton, 92 S.W.3d at 278); Owens, 270 S.W.3d at 539–40 (quoting Clemons, 643 S.W.2d at 806) ("Juries frequently convict on some counts and acquit on others not because they are unconvinced of guilt but simply because of compassion and compromise."). Thus, Nickels cannot establish that his substantial rights were violated. See

13

Young, 2019 WL 6314800, at *6 (citing Bratton, 92 S.W.3d at 277–78); Owens, 270 S.W.3d at 539–40 (internal citation omitted).

Accordingly, we find Nickels has not met his burden under Rule 30.20 to demonstrate he suffered the manifest injustice or miscarriage of justice required for plain-error review. See Rule 30.20; Reynolds, 360 S.W.3d at 336; Flemons, 144 S.W.3d at 881. The alleged plain error of the trial court's acceptance of the verdicts did not facially establish manifest injustice because Nickels was not convicted on a charge lacking sufficient evidence and the apparent logical inconsistency may be explained by jury leniency. See Owens, 270 S.W.3d at 539–40 (internal citation omitted); Flemons, 144 S.W.3d at 881–82. Point Three is denied.

## II.     Point Four—Sufficiency of the Evidence for Resisting Arrest

In Point Four, Nickels argues that the trial court erred in denying his motion for acquittal on the count of resisting arrest due to insufficient evidence that the police officers attempted to arrest Nickels.

Although we may review challenges to the sufficiency of the evidence regardless of error preservation, as introduced in the discussion of Point Three, a defendant waives even plain-error review of self-invited errors.[4] Rules 29.11(d); 30.20; Clay, 533 S.W.3d at 714. Missouri courts have specifically held that a defendant waives the right to challenge the sufficiency of the evidence of a count on which the defendant admitted guilt in open court. State v. Denzmore, 436 S.W.3d 635, 643 (Mo. App. E.D. 2014). "An admission of guilt regarding a charged crime can be sufficient to waive the production of evidence regarding all elements of the charged crime." State v. Howell, 454 S.W.3d 386, 388–89 (Mo. App. E.D. 2015) (citing Denzmore, 436 S.W.3d

---

[4] Nickels maintains he preserved the claim in his motion for acquittal at the close of the State's evidence and at the close of all evidence as well as in the motion for new trial. In these motions, Nickels concisely argued that the State failed to prove every element of each of the charged offenses to prove Nickels's guilt beyond a reasonable doubt.

14

at 643) (holding the defendant's admission of guilt to attempted sexual misconduct in his opening and closing arguments waived the production of evidence regarding that charge and likewise waived an appeal based on the sufficiency of the evidence for that charge); see also State v. Lindsey, WD 82097, 2019 WL 6703270, at *4 (Mo. App. W.D. Dec. 10, 2019), reh'g and/or transfer denied (Jan. 26, 2020), application for transfer filed in Supreme Court (Feb. 12, 2020) (holding the defendant waived his sufficiency claim on appeal because admission of guilt to felony tampering included admission of all the statutory elements of that count). Indeed, "[t]he general rule is that when a defendant makes a voluntary judicial admission of fact before the jury, it serves as a substitute for evidence and dispenses with proof of the actual fact. The admission is conclusive on him for the purpose of the case." Denzmore, 436 S.W.3d at 643 (internal quotation omitted). Further, for purposes of waiver, no distinction is made between an admission by the defendant and by defendant's counsel. Howell, 454 S.W.3d 388 (citing Denzmore, 436 S.W.3d at 643). "[A]n admission made by an attorney in open court during trial which is against the interests of his clients is presumed to be true and courts are warranted in acting thereon." Denzmore, 436 S.W.3d at 643 (internal quotation omitted). Critically, "[a] clear admission of a material fact by counsel in opening statements or in closing arguments is binding upon the client." Id. (internal quotation omitted).

The record here contains Nickels's express admission of guilt to resisting arrest, thereby precluding Nickels's challenge to the sufficiency of the evidence for that count. See id. Specifically, in his opening statement, Nickels acknowledges that:

> [Nickels] is not completely out of wrongdoing. He did—after he took off, he did resist police. There w[ere] other officers behind him and he didn't pull over for them right away, but he didn't cause any accidents. So I'll be asking you at the end of this case, find this defendant guilty of resisting but he's not guilty for assaulting anybody.

15

Nickels continued: "[s]o at the end of all the evidence, ask to find [Nickels] guilty for what he did was resisting an arrest, but find him not guilty for what he did not do in this case." Nickels's trial strategy that he resisted arrest but did not have a gun and did not commit assault was reprised in closing argument. Nickels sought to discredit the State's contention that he had a gun by highlighting that no gun or ammunition was recovered from the scene. Nickels also argued that because he was unarmed, the police officers had to justify their actions in opening fire at him. Toward the conclusion of closing, Nickels emphasized that he deliberately drove away from police in a manner that would avoid hitting any cars or police officers, explaining: "[I]f he wanted to harm a police officer, he could have drove right at the SUV in front of him[,]" and Nickels "did everything he could to avoid hitting anybody to go around them[.]" The closing argument continued:

> ***You know, [Nickels] is not, like I said, necessarily totally without fault. He resisted arrest after he pulled away from there, but look.*** He was shot at. He panicked. What's he going to do, just sit there? There was one shot fired. Why would anybody have stayed there where there's more shots fired? You know, he's a sitting duck. He's got to do something. He pulled away. He was scared and once he got away yes, the police came. He didn't cause any accidents. Didn't hit any cars right on the highway. Didn't cause any damage or anything like that but ***yes, so he resisted arrest. Find him guilty for arresting [sic] arrest.*** Find him not guilty of any other charges. He didn't have a gun. He didn't try to assault anybody. Actually went out of his way to avoid hitting any officer.

(emphasis added). The record conclusively demonstrates that Nickels affirmatively requested the jury find him guilty on the count of resisting arrest. By admitting guilt and asking to be convicted of the offense of resisting arrest in his opening and closing statements, Nickels waived any sufficiency claim for that offense. See Howell, 454 S.W.3d at 388–89; Denzmore, 436 S.W.3d at 643.

This waiver is similar to that applied by this Court in Denzmore and Howell. Nickels's admission presents an even firmer ground on which to apply waiver than Denzmore because

16

unlike in Denzmore, where the defendant's trial counsel initially challenged the damage-valuation element of the charge before readmitting guilt to the charge in closing argument, Nickels never contested the resisting arrest charge at trial. See Denzmore, 436 S.W.3d at 639. At the very inception of his trial, Nickels framed his defense to the jury as a contrast between his admitted guilt to resisting arrest and his professed denial as to the other charges of assault, armed criminal action, and unlawful possession of a firearm. See Howell, 454 S.W.3d at 388–89; Denzmore, 436 S.W.3d at 642–43. Any dissatisfaction with that trial strategy would properly be addressed on post-conviction relief. See Lindsey, 2019 WL 6703270, at *5 (citing State v. Webber, 504 S.W.3d 221, 230-34 (Mo. App. W.D. 2016)) (noting in a case applying waiver of a sufficiency claim to a judicial admission of guilt that issues of ineffective assistance of counsel are not properly considered on direct appeal).

Even if we were to review the merits of the waived claim, we would find the conviction for resisting arrest supported by sufficient evidence. See Howell, 454 S.W.3d at 389 (holding claim was waived but still discussing the sufficiency of the evidence). To convict a defendant on the charge of resisting arrest under Section 575.150,[5] the State must prove "that [the] defendant knew that a law enforcement officer was making an arrest, and that [the] defendant resisted the arrest by fleeing for the purpose of preventing the officer from effecting the arrest." State v. Chamberlin, 872 S.W.2d 615, 618–19 (Mo. App. W.D. 1994) (finding sufficient evidence that the defendant knew the officer was attempting to arrest him when the officer initially attempted to stop the defendant for a traffic violation but pursued after the defendant began speeding away). The offense of resisting arrest requires that the officer be in the process of making an arrest, though "[i]t is not necessary for the officer to tell the person he is under arrest if the

---

[5] All Section references are to RSMo (2016) unless otherwise indicated.

17

circumstances show that the officer is attempting an arrest." Redifer, 290 S.W.3d at 186 (internal citation omitted).

Here, the totality of the circumstances allowed the jury reasonably to find the police officers' intent to arrest Nickels, which supports a conviction on the count of resisting arrest. See id.; Chamberlin, 872 S.W.2d at 618–19. Police officers yelled at Nickels to stop when he was revving his engine. One of the police officers pointed his gun at Nickels and opened fire on him. Nickels then drove toward one of the police officers, before driving off at a high rate of speed through residential streets. Under these facts, although the State did not specifically elicit testimony by the police officers that they were intending to arrest Nickels, a person reasonably could infer that the police officers were intending to make an arrest as opposed to engaging in a routine traffic stop. See Denzmore, 436. S.W.3d at 639 (noting our standard of review requires us to construe all inferences drawn from the evidence favorable to the verdict and to disregard all contrary inferences); Redifer, 290 S.W.3d at 186; Chamberlin, 872 S.W.2d at 618.

By affirmatively stating at trial that he was guilty of resisting arrest, Nickels waived review of the sufficiency of the State's evidence for the charge of resisting arrest. See Howell, 454 S.W.3d at 388–89; Denzmore, 436 S.W.3d at 643. Even if appellate review had not been waived, the evidence was sufficient to sustain Nickels's conviction because a jury reasonably could infer from the facts presented that the officers were intending to arrest Nickels. See Denzmore, 436. S.W.3d at 639; Redifer, 290 S.W.3d at 186; Chamberlin, 872 S.W.2d at 618. Point Four is denied.

## III.   Points One and Two—Ineffective Assistance of Counsel as Grounds for New Trial

In Points One and Two, Nickels reasons that the trial court erred in denying his motion for new trial because the trial court should have reviewed his claim of ineffective assistance of counsel for plain error under the authority provided in Rule 29.12(b) on the grounds that trial

18

counsel failed to request the lesser-included offense instruction of misdemeanor assault. Because Point One addresses the trial court's authority to rule on the claim and Point Two presents the substantive claim, we address these points together.

We must first examine the timeliness and substance of Nickels's claim before the trial court. At the conclusion of the jury trial, the trial court granted Nickels ten additional days to file a motion for new trial, making the motion due on or before December 3, 2018. Nickels timely filed a motion for new trial on November 30, 2018. In his motion for new trial, Nickels did not assert any claim for ineffective assistance of counsel. Nor did Nickels reference any substantive issue or conduct that he now asserts as ineffective assistance—his counsel's failure to request a misdemeanor lesser-included-offense instruction on Count I. Thus, Nickels failed to preserve any aspect of the claim in the motion for new trial.

At the hearing on the motion for new trial and sentencing—after the deadline had passed for filing or amending the motion for new trial—Nickels initially stated he would rest on the claims raised in his timely-filed written motion. However, Nickels requested the trial court allow him to supplement the motion with an oral argument regarding his conviction for second-degree assault in Count I. Nickels explained that the State's charge of first-degree assault warranted not only a lesser-included-offense instruction for second-degree assault, which was given and for which he was convicted, but also an instruction for misdemeanor assault. Nickels acknowledged that he did not request a misdemeanor assault instruction at trial and did not object to the lack of such an instruction. While Nickels claims to have made reference to a misdemeanor assault instruction in an off-the-record discussion prior to closing argument, no mention of that point was preserved in the instruction conference, which was held on the record. The trial court treated Nickels's request to orally modify his motion for new trial as untimely because the filing

19

deadline had passed. The trial court further noted that claims for ineffective assistance are properly raised in Rule 29.15 motions. Nickels did not ask the trial court to review his claim for plain error as a matter of discretion under Rule 29.12(b).

In order for a trial court to review a claim at a hearing on a motion for new trial, the defendant must have raised that claim in a timely filed motion for new trial. Rule 29.11. Notwithstanding, Rule 29.12(b) allows a trial court to conduct plain-error review of unpreserved claims as follows: "[p]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 29.12(b). The discretionary language of Rule 29.12(b) directs that a defendant who does not preserve his claim in a motion for new trial should request the trial court exercise its discretion to conduct plain-error review under Rule 29.12(b).

Assuming *arguendo* that trial counsel's failure to request a misdemeanor assault instruction is an error affecting Nickels's substantial rights, we hold that the trial court did not err in declining a sua sponte plain-error review. Preliminarily, as the State notes, Nickels waived this claim by not allowing the trial court the opportunity to examine its authority to review the untimely claim under Rule 29.12(b). See Hendrix, 646 S.W.2d at 834. In particular, Nickels did not inform the trial court of any legal reasoning validating the trial court's authority to hear the untimely claim prior to sentencing. Because Nickels did not seek plain-error review under Rule 29.12(b) from the trial court, Nickels is asking us to review his claim for the first time on appeal. See id.; Culpepper, 505 S.W.3d at 831 (internal citation omitted). Claims raised for the first time on appeal are not preserved. Reynolds, 360 S.W.3d at 334–35. As explained in the preceding discussion, we disfavor charging a trial court with error in not pursuing an avenue of relief that was not requested. See Culpepper, 505 S.W.3d at 831 (internal citation omitted). Because

Nickels did not raise Rule 29.12(b) or request plain-error review before the trial court, we may only review his present claim for plain error under Rule 30.20. See Rule 30.20; Culpepper, 505 S.W.3d at 831 (internal citation omitted); Reynolds, 360 S.W.3d at 334–35.

When exercising discretionary plain-error review under Rule 30.20, we will affirm a trial court's decision if it is the correct result on any legal grounds. See Charron v. State, 257 S.W.3d 147, 151 (Mo. App. W.D. 2008) (quoting " Missouri Soybean Ass'n v. Mo. Clean Water Comm'n, 102 S.W.3d 10, 21 (Mo. banc 2003)) (noting "[t]his Court is primarily concerned with the correctness of the result, not the route taken by the trial court to reach it"). The legal grounds here concern the time limitations for motions for new trial. "Pursuant to Rule 29.11(b), a motion for new trial or for judgment of acquittal 'shall be filed within fifteen days after the return of the verdict,' and the trial court 'may extend the time for filing of such motions for one additional period not to exceed ten days.'" Carter, 523 S.W.3d at 599 (quoting Rule 29.11(b)). "These time limitations for filing a motion for new trial are mandatory, and the trial court has no authority to extend the deadlines." State v. Wright, 391 S.W.3d 893, 895 (Mo. App. E.D. 2013) (citing State v. Brock, 113 S.W.3d 227, 234 (Mo. App. E.D. 2003)); State v. Vickers, 560 S.W.3d 3, 23 (Mo. App. W.D. 2018), as modified (Aug. 28, 2018), cert. denied, 139 S. Ct. 1459 (2019) (citing State v. Shelton, 529 S.W.3d 853, 866 (Mo. App. E.D. 2017)).

The record shows that the trial court granted Nickels the maximum-allowed extension of ten days. Nickels then timely filed a motion for new trial. However, the claim Nickels now raises on appeal was not included in Nickels's motion for new trial, nor were either of the components of his claim—ineffective assistance and instructional error. See Culpepper, 505 S.W.3d at 831 (internal citation omitted). Nickels sought to add a new ground to his motion for new trial outside of the filing deadline. An untimely new-trial claim preserves nothing for

21

review and is procedurally a nullity. State v. Williams, 504 S.W.3d 194, 197 (Mo. App. W.D. 2016) (internal citations omitted). Rule 29.11(b) contains no exception for extending the deadline to bring new-trial claims. Vickers, 560 S.W.3d at 23 (internal citation omitted); Shelton, 529 S.W.3d at 866 (internal citation omitted). Thus, "[b]ecause no exception is provided, a request to add a ground to the motion for new trial is a nullity when it is made after the extension period has expired." Vickers, 560 S.W.3d at 23 (internal quotation omitted) (applying the preclusion of untimely filing or untimely amending a motion for new trial in the context of newly discovered evidence). In this case, the trial court expressly noted the untimeliness of the ineffective-assistance-of-counsel claim, which Nickels sought to include in his motion for new trial through an oral amendment after the filing deadline expired. We will not charge a trial court with error for declining to consider the merits of an untimely raised new-trial claim. See Vickers, 560 S.W.3d at 23–24 (noting only "extraordinary circumstances" would justify an appellate court reversing and remanding an untimely new-trial claim); Williams, 504 S.W.3d at 198 (finding the defendant's untimely new-trial claim did not implicate manifest injustice to merit plain-error review under Rule 30.20).

Although Nickels emphasizes the trial court's concern of whether it could rule on Nickels's ineffective-assistance-of-counsel claim in the context of a motion for new trial, the trial court ultimately ruled not on the claim's substantive merits, but on its untimeliness. The claim was untimely raised and no request for plain-error review under Rule 29.12(b) was made. The trial court properly enforced the mandatory time limitations for new-trial claims. See Vickers, 560 S.W.3d at 23; Shelton, 529 S.W.3d at 866; Williams, 504 S.W.3d at 197; see also Charron, 257 S.W.3d at 151 (noting an appellate court reviewing a trial court's authority to hear a claim will affirm a trial court's judgment "if it is correct on any ground supported by the record,

22

regardless of whether the trial court relied on that ground."). Accordingly, we find no error implicating manifest injustice affecting substantial rights in the trial court's enforcement of the time limitations for a claim in a motion for new trial. See Rule 30.20. Because we hold the trial court did not err in enforcing the time limitation for motion-for-new-trial claims, we affirm the trial court's judgment. Point One is denied. Further, our holding on Point One regarding the trial court's authority to rule on the ineffective-assistance claim is dispositive of the claim's substantive merits as raised in Point Two. Point Two is denied.

### Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.

23